(No. 39661.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* HENRY MCCLELLAN, Appellant.

*Opinion filed May 23, 1966.*

GERALD W. GETTY, Public Defender, of Chicago, (FREDERICK F. COHN and JAMES J. DOHERTY, Assistant Public Defenders, of counsel,) appointed by the court, for appellant.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and ELMER C. KISSANE and JAMES B. ZAGEL, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE HOUSE delivered the opinion of the court:

Henry McClellan was convicted in a bench trial of unlawful possession of narcotics and sentenced to the penitentiary for a term of 3 to 10 years. The Appellate Court, First District, affirmed the conviction, (64 Ill. App. 2d 453,) and we granted leave to appeal.

The record shows that two police officers at about 1:30 A.M. were parked for a stop light at the corner of 63rd and Dorchester in Chicago. An addict, known as Slick, walked to the car. As defendant passed the car and entered a restaurant on the corner, the addict said, "That dude is dirty." The officers entered the restaurant, questioned defendant, arrested him and searched his trench coat lying on a stool next to him. They found 20 tin-foil packages of heroin in the coat.

The sole question is whether there was probable cause

for the arrest which was made without a warrant. Probable cause for an arrest may, of course, be based upon information supplied by an informant, if the reliability of the informant has been previously established (*People* v. *Durr,* 28 Ill.2d 308) or independently corroborated. *People* v. *McFadden,* 32 Ill.2d 101.

As to the past reliability of the informer, the record shows that Slick was not a paid or special informer and that the officers did not know him other than as an addict in the area. Officer Roberts testified that Slick had furnished information on three previous occasions which resulted in arrests.

The fact that the officers made three arrests based on information furnished by Slick shows only that they acted on his previous tips and does not show that the previous tips proved to be accurate. While it might be inferred that the officers would not continually act on Slick's tips if they proved to be unreliable, nevertheless, we feel the informer's past reliability should not be left to inference, when it is such an easy matter to show the accuracy of the previous tips. It is not necessary for us to decide whether the People must show that the previous tips from an informer resulted in convictions, as the defendant contends; but it is sufficient, at this time, to hold that the fact that the police acted upon previous information of an informer does not prove that the prior information was accurate and the informer reliable.

The Appellate Court affirmed this conviction on the basis of our decision in *People* v. *McFadden,* 32 Ill.2d 101. The officers in the *McFadden* case did not make an arrest based on the tip from the informer because he had proved reliable in the past; rather, they made the arrest because they had personally and independently verified all of the information supplied by the informer, except the possession of narcotics by the defendant. In short, there was independ-

ent corroboration of the tip in the *McFadden* case; there was no independent corroboration of the tip in this case.

The judgment of the Appellate Court, First District, is reversed and the cause is remanded to the circuit court of Cook County for a new trial.

*Reversed and remanded.*