(No. 41055.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* LAWRENCE G. PARKER, Appellant.

*Opinion filed November 22, 1968.—Modified on denial of rehearing, March 25, 1969.*

JULIUS LUCIUS ECHELES and JO-ANNE WOLFSON, both of Chicago, WILLIAM G. CLARK, Attorney General, of Springfield, and BASIL G. GREANIAS, State's Attorney, of Decatur, (FRED G. LEACH, Assistant Attorney General, and FREDERICK P. ERICKSON, Assistant State's Attorney, of counsel,) for the People.

Mr. JUSTICE KLUCZYNSKI delivered the opinion of the court:

Lawrence Parker, the defendant, was convicted under two indictments charging him with illegal possession of narcotics. His motion to suppress the admission in evidence of certain marijuana found in his desk at his place of employment and at his home was denied, and he was found guilty by a jury and sentenced to a term of not less than 2 nor more than 5 years in the penitentiary. He appeals, contending that the indictments against him were void, that the State failed to prove that the seized substances were marijuana, that a certain instruction relating to "dangerous drugs" was improperly refused, and that his constitutional rights were violated by the denial of his motion to suppress. In the view we take of the case, it is necessary only to discuss the evidence bearing on this latter contention since we hold that the motion to suppress should have been allowed.

The contraband in question was uncovered and seized pursuant to search warrants issued March 15, 1967, by a judge of the circuit court of Macon County. The verified complaints for the warrants recited that the complainant, Kenneth Metcalf, a State narcotics inspector, "has been informed by an informant who has previously given information to said complainant which proved to be true" that Lawrence Parker had a quantity of marijuana stored in his desk at his place of employment and at his home which the informer had personally observed. They further recited that the informer had purchased samples of this marijuana

from Lawrence Parker in recent months which had been turned over to the complainant, subjected to analysis and proved to be marijuana.

The issue presented here, as below, is whether the foregoing affidavits established probable cause for the issuance of the search warrants. As they were the only matters presented to the circuit judge, the warrants must stand or fall solely on their contents. It is now well settled, following the Supreme Court's decisions in *Jones* v. *United States,* 362 U.S. 257, 4 L. Ed. 2d 697, 80 S. Ct. 725; *Aguilar* v. *Texas,* 378 U.S. 108, 12 L. Ed. 2d 723, 84 S. Ct. 1509, and *Spinelli* v. *United States,* 37 Law Week 4110, 21 L. Ed. 2d 637, that an affidavit based on the observations of one other than the affiant is not to be deemed insufficient, "so long as a substantial basis for crediting the hearsay is presented." (See *People* v. *Williams,* 36 Ill.2d 505, 508; *People* v. *York,* 29 Ill.2d 68.) To establish such basis, "the magistrate [issuing the warrant] must be informed of some of the underlying circumstances from which the informant concluded that the narcotics were where he claimed they were, and some of the underlying circumstances from which the officer [the affiant] concluded that the informant * * * was 'credible' or his information 'reliable'." *Aguilar,* 378 U.S. at 114.

In our judgment, the instant affidavits (which differed only with respect to the alleged location of the marijuana) fall short of meeting this latter requirement. Their sole allegation relating to the reliability of the informer is the general averment that he had "previously given information to said complainant which proved to be true." They do not reveal the character of this prior information or whether it led to arrests or convictions. Nor do they allege that the present information had been independently corroborated by the affiant or any other officers, other than the proof that the substances handed over were marijuana. Absent such factual allegations, or other grounds from which an issuing

magistrate could reasonably credit the informer's accusation, the affidavits are defective and the warrants cannot stand.

We reach this decision fully aware of the rule, often announced in decisions of the Supreme Court dealing with search and seizure problems, that "the informed and deliberate determinations of magistrates empowered to issue warrants * * * are to be preferred over the hurried action of officers * * * who may happen to make arrests." .(*United States* v. *Lefkowitz,* 285 U.S. 452, 464, 76 L. Ed. 877.) And, we are mindful of that court's admonishment that affidavits for search warrants "must be tested and interpreted by magistrates and courts in a common-sense and realistic fashion" lest police officers, who frequently draft them, be discouraged "from submitting their evidence to a judicial officer before acting." (*United States* v. *Ventresca,* 380 U.S. 102, 108, 13 L. Ed. 2d 684, 689, 85 S. Ct. 741.) In common with the most recent expression of the Supreme Court on this subject, we "do not retreat" from these established and salutary propositions. (See *Spinelli* v. *United States,* 37 Law Week 4110, 4113.) But we cannot sustain the warrants in this case without diluting the constitutional safeguards announced in *Aguilar,* and reconfirmed in *Spinelli.*

Accordingly, the judgment of the circuit court of Macon County is reversed and the cause remanded for new trial.

*Reversed and remanded.*