**People of the State of Illinois, Plaintiff-Appellee, v. David Ramirez, Defendant-Appellant.**

Gen. No. 53,747.

First District, Third Division.

May 21, 1970.

Gerald W. Getty, Public Defender of Cook County, of Chicago (Harold A. Cowen, Norman W. Fishman, and

James J. Doherty, Assistant Public Defenders, of counsel), for appellant.

Edward V. Hanrahan, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and James W. Reilley, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE McNAMARA delivered the opinion of the court.

Defendant, David Ramirez, was charged with the sale of a narcotic drug, marijuana. After a bench trial he was found guilty of that charge and sentenced to the penitentiary for a term of ten to twelve years. Defendant appeals, contending that the trial court erred in denying his motion to suppress certain evidence; that he was not proved guilty beyond a reasonable doubt; and that the trial court improperly restricted his examination of witnesses during the hearing on his motion to suppress the evidence. The evidence presented at the hearing on the motion consisted of the testimony of two police officers and a police informer, and is as follows.

Ronald Yates, who testified that he had known defendant for about six weeks, went to a restaurant in Chicago with defendant and the latter's girl friend Leona Mamach. Two detectives of the Chicago Police Department entered the restaurant, and Yates left the restaurant to inform one of the officers that he could make a purchase of marijuana from defendant, and that he had made similar purchases from persons for other policemen. The officer searched Yates by going through all his pockets and having him take off his shoes. The officer then gave Yates a prerecorded five dollar bill. Defendant and the girl came out of the restaurant, rejoined Yates and the trio walked together for several blocks. The police officers followed in their squad car. Yates testified that during this walk he purchased the marijuana from

defendant. Yates entered a building while defendant and the girl waited outside. Yates called police headquarters to state that the transaction had been completed, and the two officers received a radio call to that effect. One of the officers entered the building and received an envelope containing marijuana from Yates, who stated that defendant's girl friend had the five dollar bill. The officer placed defendant and Leona Mamach under arrest, and found the prerecorded five dollar bill in a cigarette package in the possession of the girl. Both officers testified that they did not witness any transaction between Yates and the couple, and also that they had not seen any of the three persons prior to the date of arrest.

Defendant's motion to suppress was denied, and the trial followed.

At trial, in addition to the testimony of the two police officers, Ronald Yates testified that on the date in question he met defendant and Leona Mamach, and asked defendant about the marijuana he was to purchase. Defendant replied that he had it, and Yates then called the police department to make arrangements to meet some detectives. Yates testified that the officer searched him, going through his pockets, the linings of his suit and under his arms, and had him remove his shoes. After he was searched and received the prerecorded money from the police, Yates walked with defendant and Leona. Defendant obtained the envelope containing the marijuana from Leona who had it in her brassiere, and she gave it to Yates. Defendant gave Leona the five dollar bill which she folded and put in her cigarette package. The arrest and search followed. Yates also testified that he knew defendant for about six months. Yates stated that he did not use narcotics. He had smoked marijuana once. He had previously purchased one or two sticks of marijuana from defendant.

Leona Mamach testified for the defense that she had known Yates for some time, had seen him smoking mari-

juana on numerous occasions, and twice she had seen him use heroin. She was with Yates and defendant on the date in question, but at no time did she see a package of marijuana pass between them. Yates gave defendant a five dollar bill which he owed him as a result of a pool game, and defendant in turn gave the money to her. She did not have a package of marijuana on her person. She also testified that while she had pleaded guilty to the charge of possession of marijuana as a result of the arrest in question, she was not in fact guilty of the charge.

Defendant first contends that the trial court erred in denying his motion to suppress the evidence, arguing that there were insufficient grounds for the arrest and subsequent search of himself and Leona Mamach.

The Criminal Code, Ill Rev Stats 1967, c 38 § 107–2(c) provides that an officer may arrest a person if:

> "He has reasonable grounds to believe that the person is committing or had committed an offense."

██ It is well settled that a warrantless arrest may be made on the basis of probable cause and that a warrantless search may be made incidental to a valid arrest. Whether probable cause existed must be governed by the totality of the facts and circumstances in each case. The People v. Hanna, 42 Ill2d 323, 247 NE2d 610 (1969); The People v. Bambulas, 42 Ill2d 419, 247 NE2d 873 (1969). In Bambulas, the court stated at p 422:

> "The test of probable cause is whether a reasonable and prudent man in possession of the knowledge which has come to the arresting officer would believe the person to be arrested is guilty of the crime."

██ It seems clear to us in the instant case that the police officers had probable cause to arrest defendant and Leona Mamach without a warrant, and thereafter make a search of both of them as part of that arrest.

The police were informed by Yates that he could make a purchase of marijuana from defendant. Thereafter two police officers observed Yates and defendant together. Yates again told one of the officers that he could make a purchase from defendant. He was searched sufficiently to ascertain that he did not have any narcotics on his person, and one of the police officers gave Yates a prerecorded five dollar bill. The two officers then watched Yates, defendant and the latter's girl friend walk down the street. While neither officer witnessed the actual exchange of narcotics and money, they were subsequently advised by radio that Yates had notified police headquarters that the sale had been completed. One of the officers then recovered the marijuana from Yates, who stated that the girl had the prerecorded money in her cigarette package. Under these facts and circumstances, the police officers had the right to make the arrests and the subsequent searches.

Cases cited by defendant are inapplicable or distinguishable from the case at bar. Aguilar v. Texas, 378 US 108 (1964), and The People v. Parker, 42 Ill2d 42, 245 NE2d 487 (1968), are cases dealing with the reliability of an anonymous informant in connection with an affidavit made for the issuance of a search warrant, and are not concerned with reasonable grounds for arrest without a warrant and an incidental search. In the People v. McClellan, 34 Ill2d 572, 218 NE2d 97 (1966), the arrest and the subsequent search were made by the police solely on the basis of a tip by an admitted narcotics addict without any independent corroboration. In the instant case the police officers not only observed defendant and the informant together, but also recovered the marijuana from the informant prior to making the arrest.

Defendant next argues that he was not proved guilty beyond a reasonable doubt, citing cases holding that the uncorroborated testimony of an addict informer is insufficient for a conviction on a charge of sale of narcotics.

412

 This argument overlooks the fact that the only testimony in the instant case that Yates was a narcotics addict came from Leona Mamach, who had pleaded guilty to the charge of possession of marijuana as a result of the instant arrest. While Mamach testified that she had seen Yates smoke marijuana many times and had seen him take heroin twice, Yates denied that he used narcotics, and stated that he had smoked marijuana only once. Even if such testimony was sufficient to prove that Yates was an addict informer, it is well settled that while the testimony of a narcotics addict must be scrutinized with caution, his testimony may be sufficient to sustain a conviction if credible under the surrounding circumstances. The People v. Norman, 28 Ill2d 77, 190 NE2d 819 (1963). Moreover Yates' testimony was independently corroborated by the arresting officers. After giving Yates prerecorded money and searching him, the police officers observed him in company with defendant and Mamach. After they were notified that the sale of narcotics had been completed, one of the officers received the envelope containing marijuana from Yates plus the information from him that Mamach had the money. After the arrests and search the officers recovered the prerecorded money from Mamach. These facts constituted ample corroboration of Yates' testimony that a sale of narcotics had taken place.

Defendant also argues that there were discrepancies in Yates' testimony as to how long he had known defendant prior to the arrest; that he testified at trial as to a more complete search of his person by the police than he had at the motion to suppress; and that after testifying that he never used narcotics, he stated that he had smoked marijuana once.

██ Minor discrepancies, such as these, do not, as a matter of law, destroy the credibility of a witness. See People v. Clay, 27 Ill2d 27, 187 NE2d 719 (1963). Such discrepancies or inconsistencies go only to the credibility

413

of the witness and are matters to be taken into consideration by the trier of fact. In the instant case, the trial judge had the opportunity to determine the credibility of the witnesses and to observe their conduct and demeanor. He chose to believe Yates and the corroborating testimony of the police officers rather than that of Leona Mamach. We see no reason to disturb the conclusions of the trial judge, and we find that defendant was proved guilty beyond a reasonable doubt.

■ We find no merit in defendant's final contention that he was improperly restricted in his examination of one of the police officers at the hearing on the motion to suppress the evidence. At one point the trial court did sustain an objection to a question as to whether the police officer had ever seen Yates prior to the date of arrest. The court also sustained an objection to a question as to whether the officer witnessed the exchange of money and narcotics between defendant and Yates. However, the record clearly indicates that at the hearing the police officer in question testified more than once that he had never seen Yates prior to the date of arrest. The record is equally clear that the officer also testified that he did not witness the transaction between defendant and Yates. There was no improper restriction in the examination of witnesses at the hearing on the motion to suppress the evidence.

The judgment of the Circuit Court is affirmed.

Judgment affirmed.

DEMPSEY, P. J. and SCHWARTZ, J., concur.