THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* JAMES FRANK MARRO, Defendant-Appellee.

(No. 55496;

First District—February 24, 1972.

Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle and James S. Veldman, Assistant State's Attorneys, of counsel,) for the People.

Mr. PRESIDING JUSTICE McGLOON delivered the opinion of the court:

This is an appeal by the State pursuant to Supreme Court Rule 604, (Ill. Rev. Stat. 1969, ch. 110A, par. 604), from an order entered in the Circuit Court of Cook County quashing a search warrant and suppressing the evidence seized thereunder.

We reverse and remand.

The warrant in question in this case was issued upon the affidavit of an investigator assigned to the State's Attorney's office of Cook County. As a basis for issuing the warrant, the affiant, in the complaint for the warrant, stated that on December 11, 1969, he interviewed a confidential informant who told the affiant that he had been placing bets over a certain phone number. The informant further said that "* * * he picks up his winnings, and pays off his losing wagers at Rick's Restaurant, at Ruby and Grand, in Franklin Park, Illinois." The informant knew the man who conducted these money transactions and took the bets only

as "Jimmy." The affiant stated that on December 12, 1969, he again met with the informant, dialed the phone number given by the informant and listened to the conversation of the informant who allegedly placed a bet on a horse race with the above mentioned "Jimmy." The affiant stated he had known the informant for six months during which time the informant provided other information on gambling, "* * *  all of which has proved to be reliable, and resulted in two gambling raids. These raids resulted in arrests and convictions in one case, with one case still pending, and seizure of gambling paraphernalia in all raids."

Through the telephone company, the affiant found out the address at which the telephone specified by the informer was located. The affiant state that a check of other utility records, i.e., electric, gas, etc., revealed the user on each such record to be one Raymond M. Marro.

As a result of the affiant's complaint a search warrant was issued for the premises in question, located at 2934 Scott, in Franklin Park, Illinois. Pursuant to the warrant the named premises was searched and various pieces of evidence seized as a result of which the defendant was arrested and subsequently indicted for the offense of gambling.

At the hearing on the motion to quash, evidence was introduced by the defendant to establish that there was no Rick's Restaurant located at "Ruby and Grand" in Franklin Park, Illinois, but there was such a restaurant located at Pearl and Grand, some five blocks east of the former location. The evidence consisted of a letter from the Superintendent of Streets in Franklin Park, Illinois, stating that Rick's Restaurant was located at Pearl and Grand. Also there was an affidavit, submitted by the defendant, stating that he had resided in Franklin Park for 20 years and the only Rick's Restaurant he knew of was located at Pearl and Grand in Franklin Park. The trial judge granted the motion to quash on the grounds that the statement in the affidavit, as to the location of Rick's Restaurant, was false on its face and this falsity could be inquired into and considered by the trial judge in a hearing on the motion to quash. The trial judge further thought there should have been independent corroboration by the State's Attorney's investigator of the alleged activity of collecting winnings and paying losses at Rick's Restaurant.

On appeal the State argues that the ruling of the trial judge was error because in establishing that Rick's Restaurant was not located at Ruby and Grand, as stated in the affidavit, the court went beyond the four corners of the affidavit and warrant, and this going behind the affidavit to establish the truth or falsity of the statements therein is not permitted under Illinois law. Further, the State argues that the

affidavit for the search warrant sufficiently established probable cause for the issuance of such warrant.

The defendant has not filed in this court a brief in support of his position or any other records relating to the proceedings at the hearing in the trial court.

■■ At the outset of our opinion we must make note of the defendant's failure to file a brief in this court and the effect thereof on this appeal. As a general rule such failure has left the decision of whether to reverse *pro forma* or to consider the appeal on its merits to the sound discretion of the reviewing court. (*People v. Sanders* (1966), 75 Ill. App.2d 422, 220 N.E.2d 487; *People v. Keeney* (1968), 96 Ill.App.2d 323, 238 N.E.2d 614.) At times this court has opted for the alternative of a *pro forma* reversal. (*People v. Nardone* (1963), 43 Ill.App.2d 409, 193 N.E.2d 617; *People v. Kuzas* (1968), 100 Ill.App.2d 332, 241 N.E.2d 115.) However, we think that under the circumstances of this case, this court should consider the merits of the appeal.

In reviewing the proceedings at the hearing in the trial court, we think the trial judge erred in granting the defendant's motion to quash. The main basis for that holding was that the affidavit for search warrant contained a statement that was "false on its face" in that the location of Rick's Restaurant was stated as "Ruby and Grand."

■■■ That the statement is not "false on its face" in the sense that the error was obvious simply by looking at the affidavit, without any other inquiry, is made evident by the record. It was only after the introduction of documentary evidence that the misstatement as to the restaurant's location was established. We think this type of inquiry was expressly prohibited by the holdings of the Illinois Supreme Court in the companion cases of (*People v. Bak* (1970), 45 Ill.2d 140, 258 N.E.2d 341 and *People v. Mitchell* (1970), 45 Ill.2d 148, 258 N.E.2d 345.) In those cases the Court held that a defendant has no constitutional right to challenge or controvert the matters declared in the affidavit under oath which accompanied the finding of probable cause and the issuance of a search warrant. The Court in *Bak, supra,* said that the determination of probable cause was to be tested only on the evidence originally presented to the judicial officer issuing the warrant and could not be relitigated by a later disputing of the evidence. We think that in establishing the falsity of the statement as to the location of Rick's Restaurant the trial judge inquired beyond the face of the affidavit and warrant, and that inquiry was prohibited by the *Bak-Mitchell* holdings.

■■ The second reason assigned by the trial judge in support of his granting the motion to quash was that the State's Attorney's investigator upon whose affidavit the warrant issued should have corroborated

independently the statement of the informant that he picked up his winnings or paid his lost bets at Rick's Restaurant by going to this restaurant and observing such activities. We do not think such action was an indispensable prerequisite to the establishment of probable cause sufficient to support issuance of the instant search warrant.

■■■ An affidavit for a search warrant will not be deemed insufficient because it is based on the hearsay averments of an undisclosed informant as long as there is a substantial basis for crediting such hearsay. (*United States v. Ventresca* (1965), 380 U.S. 102; *People v. Parker* (1969), 42 Ill.2d 42, 245 N.E.2d 487.) The Supreme Court in *Aguilar v. Texas* (1964), 378 U.S. 108 established what will be considered a substantial basis as follows: First, the affidavit must list the underlying circumstances upon which the informant's conclusions are based, and, second the affidavit must explain why the undisclosed informant is reliable. If the information supplied by the informant is deemed inadequate under the *Aguilar* standards, the other averments which corroborate the information contained in the hearsay report may then be considered to determine whether, with this added support, probable cause exists for the warrant to issue. *Spinelli v. United States* (1969), 393 U.S. 410.

■■ In the instant case we must note that the facts involved are almost identical with those that were before the Illinois Supreme Court in the *Mitchell* case, *supra*, and our Appellate Court in the case of *People v. Perlman* (1970), 126 Ill.App.2d 481, 262 N.E.2d 253. In each of these cases there was an issue of whether probable cause for the issuance of a search warrant existed. In each of these cases the affiant police officer received information from an undisclosed informant who had previously supplied true and accurate information resulting in enumerated arrests and convictions. In each of these cases the undisclosed informant stated he placed bets over a certain phone number, and a check with the telephone company resulted in ascertaining the address associated with that phone number, which address was set out in the warrant. In each of these cases the affiant stated he dialed the given phone number, handed the telephone to the informer and then listened to the one-sided conversation of the informant, the substance of which was the placing of a bet. In *Mitchell*, *supra*, the bet involved a horse race. In *Perlman*, *supra*, the bet involved a baseball game. In each of these cases the court held that overhearing one side of a conversation which appeared to result in the placing of a bet corroborated, to a limited extent, the informant's information. The court in each of these cases held these averments established probable cause for the issuance of a search warrant.

■■■ In the instant case the informant indicated he used a specified

phone number to place bets. His reliability was established by an enumerated record of arrests, a conviction and the seizure of record evidence of gambling as a result of precise information he had furnished to the police. A corroborative telephone call, virtually identical to the one placed in both the *Mitchell* and *Perlman* cases, was initiated by the affiant and a description thereof listed among the averments of the affiant. At the hearing on the motion to quash, the defendant sought to distinguish the phone call in the instant case from that in *Mitchell* on the grounds that in *Mitchell* there was an acknowledgement of the bet in that the unknown recipient of the call inquired of the informant, after he placed the bet, "Is that all you've got?" We do not find this distinction to be persuasive. In the instant case the unknown recipient acknowledged during the phone call that he was the "Jimmy" with whom the informant had stated he had previously placed his bets, and when the informant identified himself, "This is Al," the alleged "Jimmy" replied, "Whadda ya have, Al?", whereupon the informant placed his bet. We think this was sufficient to infuse the call with the same limited corroborative value the court recognized in the call involved in *Mitchell*.

We conclude, on the basis of the above discussion, that probable cause was established to support the issuance of the search warrant in this case. It was not necessary that the affiant's corroboration include observance of the payoffs in Rick's Restaurant. The order of the trial court quashing the search warrant and suppressing evidence is reversed and the cause remanded for such further proceedings as are consistent with the views herein expressed.

Reversed and remanded.

DEMPSEY and McNAMARA, JJ., concur.