THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JAMES THOMAS, Defendant-Appellant.

(No. 73-272;

Third District—December 31, 1974.

STOUDER, J., dissenting.

James Geis and Richard Steck, both of State Appellate Defender's Office, of Ottawa, for appellant.

Robert E. Richardson, State's Attorney, of Ottawa (Frank X. Yackley, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE ALLOY delivered the opinion of the court:

Defendant James Thomas was found guilty of possession of cannabis (weighing 25.37 grams) in a jury trial in the Circuit Court of La Salle County. He was sentenced to a fine of $500 to be paid in period of 6

months. On appeal in this court the only issue presented for review is whether the sworn complaint for a search warrant failed to establish probable cause. Defendant contends that it failed to establish probable cause because it did not contain information sufficient to establish the reliability of the anonymous informer.

It appears from the record that on November 19, 1971, police obtained a warrant and searched defendant's automobile where they found the cannabis referred to. The warrant was based on information given by an anonymous informer. The affidavit which was filed in the case to authorize the issuance of the warrant specifically stated in relevant part:

"4. That said confidential informant is trustworthy as an informer because of the following facts:

A. Said informant has furnished affiant with information on four prior occasions which information has resulted in four purchases of marijuana or dangerous drugs and that arrests are pending on these four purchases.

B. Said informant told affiant that on November 16, 1971, at our [*sic*] about 7:00 P.M., said informant saw marijuana in said automobile and Jimmie D. Thomas told informant that the substance was marijuana; said informant told affiant that on numerous occasions in the past he has seen Jimmie D. Thomas with marijuana in said automobile."

It is contended by defendant that under *Aguilar v. Texas*, 378 U.S. 108, 12 L.Ed.2d 723, 84 S.Ct. 1509, the affidavit for the search warrant was inadequate. In the *Aguilar* case the court specified that the affidavit or complaint must show (1) circumstances which establish that the information given is reliable, and (2) circumstances which indicate the reliability of the informer himself.

It is apparent that defendant does not contest the sufficiency of the complaint as to the first ground, that is, the reliable nature of the information. The complaint indicated specifically that the informer had seen marijuana in defendant's car and that defendant had told the informer that the substance was marijuana and that the informer had also carefully described defendant's car. The defendant argues the fact that the sworn complaint based its conclusion that the anonymous informer was reliable on the fact that the complaint recited "arrests are pending" in instances where previous information was given by informant. They argue from this that apparently the police had not yet concluded that informant's previous information was accurate since no arrests had as yet been made, and that there was no corroboration of the informant's information.

■■ The State correctly notes that four times the informant gave information on direct purchases and four times drugs were purchased as the result of such information furnished by the informant. The fact that arrests had not yet been made in such cases could simply indicate a continuing undercover drug investigation. A police officer may temporarily forego making an arrest so that he may continue the undercover drug purchases. Nothing was developed in any manner supporting the position taken by defendant on this issue. As a matter of fact, arrests are not necessary to verify past information of an informant, as noted in the case of *People v. Lawrence*, 133 Ill.App.2d 542, 544, 273 N.E.2d 637, where the court said:

> "Arrests, standing alone, do not establish reliability, but information that has been proved accurate does. Arrestees may not be prosecuted; if prosecuted they may not be indicted; if indicted they may not be tried; if tried they may not be convicted. If a case is tried, the informer may never testify; his credibility may never be passed upon in court. The true test of his reliability is the accuracy of his information."

The *Lawrence* case in the final sentence quoted to the effect that the true test of the informer's reliability is the accuracy of his information states the essentials required in a complaint for a search warrant. Also, there is certainly no requirement that a search warrant could not issue unless some "independent entity" has passed on the reliability of a police informer as contended by defendant. It is also unnecessary for the affidavit to assert that the affiant himself has made the purchases of the drugs so long as purchases were made on the basis of information given by the informer. It is clear that the allegation that drugs were purchased on the basis of information furnished by the informer in four prior instances stands as a sound basis for the officer's belief that the anonymous informer was reliable.

■■ A judge who determines whether or not there is probable cause may exercise commonsense in interpreting an affidavit. It is not necessary that an affiant spell out in detail the underlying circumstances from which affiant concluded that the informant was reliable. Information which permits the court to render a judgment upon a commonsense reading of the entire affidavit is adequate. As stated by the United States Supreme Court in *United States v. Ventresca*, 380 U.S. 102, 109, 13 L.Ed. 2d 684, 689, 85 S.Ct. 741:

> "Recital of some of the underlying circumstances in the affidavit is essential if the magistrate is to perform his detached function and not serve merely as a rubber stamp for the police. However,

where these circumstances are detailed, where reason for crediting the source of the information is given, and when a magistrate has found probable cause, the courts should not invalidate the warrant by interpreting the affidavit in a hypertechnical, rather than a commonsense, manner. Although in a particular case it may not be easy to determine when an affidavit demonstrates the existence of probable cause, the resolution of doubtful or marginal cases in this area should be largely determined by the preference to be accorded to warrants. Jones v. United States, supra 362 US at 270, 4 L ed. 2d at 707, 78 ALR2d 233."

The *Ventresca* case was decided after the *Aguilar* case and in fact referred to the *Aguilar* case in the course of the opinion. In following the *Ventresca* injunction as to the trial court's basis for determination of issues such as before us in this case, we note that the affidavit in the instant case specifically described the automobile commonly operated by Jimmie D. Thomas. It also expressly referred to the fact that information from the informant on four prior occasions resulted in four purchases of marijuana or dangerous drugs. Informant also stated that on November 16, 1971, at a specific time, the informant saw marijuana in the automobile of defendant and was told by defendant that this substance was marijuana and that on numerous occasions in the past he had seen defendant with marijuana in said automobile.

■■ The complaint and affidavit were clearly sufficient to sustain the search warrant. To find otherwise in this case would be to apply a hypertechnical, rather than a commonsense, interpretation and would not resolve doubtful or marginal cases according to the preference to be accorded to warrants as mandated in *Ventresca*. To do otherwise would also require a departure from the principles enunciated and interpreted in the Supreme Court cases (notably the *Ventresca* case) in requiring unnecessary additional specificity in the affidavit which would not be requisite to defendant's protection. To search for a hypertechnical basis for quashing the search warrant in the instant case would involve a distortion of the function of this court of review. While virtually all cases treating the issue have certain distinguishing features, the trial judge should be able to use a rational commonsense approach in determination of the issue. *People v. McNeil*, 52 Ill.2d 409, 288 N.E.2d 464; *People v. Marro*, 4 Ill.App.3d 197, 280 N.E.2d 560.

In the cause before us the affiant did not act simply on suspicion or belief but stated the facts and circumstances upon which the belief was based, and the underlying circumstances which are requisite were adequately furnished so as to permit the issuing judge to perform his in-

dependent function of determining the existence of probable cause.

For the reasons stated, the judgment of the Circuit Court of La Salle County is affirmed.

Affirmed.

SCOTT, J., concurs.

Mr. JUSTICE STOUDER, dissenting:

I respectfully disagree with the decision of the court. In my opinion, the affidavit does not sufficiently establish probable cause for the issuance of the search warrant. Consequently, the search and seizure under the authority of the warrant were improper, and the evidence so seized should have been suppressed.

Although the rule is axiomatic and so universal that its repetition might not seem of any significance, nevertheless I think that it should be borne in mind that the constitutional requirement that search warrants issue only upon probable cause requires that the sufficiency of the affidavit or other evidence of probable cause be considered without regard to the success or failure of the execution of the warrant. A distorted view of the constitutional protection is possible and must be guarded against when the cases on this issue are considered. Because of the nature of the problem, published cases involve generally those circumstances where contraband and other incriminating evidence have been in fact discovered and seized. Those cases in which the search has been fruitless do not come to the attention of the reviewing courts, and this is so regardless of whether the search warrant was or was not properly issued or executed. This places, in my judgment, a heavy burden both on the police officers and the court issuing search warrants to conscientiously safeguard a citizen's right of privacy from unreasonable invasion.

The majority of the court and both parties concede the validity of the rule in *Aguilar v. Texas*, 378 U.S. 108, 12 L.Ed.2d 723, 84 S.Ct. 1509, regarding the twofold requirement for the complaint for a search warrant where the information is supplied by an informant. *Aguilar* requires that two things be shown in the complaint for the search warrant: (1) the underlying circumstances from which the informant concluded that the narcotics were where he claimed they were; and (2) the underlying circumstances from which the officer concluded that the informant was credible or his information reliable. The sole issue on this appeal is whether the affidavit for the search warrant failed to establish probable cause because it did not contain information sufficient to establish the reliability of the anonymous informer.

Although recognizing the existence of the *Aguilar* rules, the majority of the court, by placing such heavy reliance on *United States v. Ventresca*, 380 U.S. 102, 13 L.Ed.2d 684, 85 S.Ct. 741, suggests that the *Aguilar* rule has been modified by the *Ventresca* case. This is not true, for *Ventresca* does not involve the reliability of an anonymous informer. I have no quarrel with the majority's citing the *Ventresca* case for the general principle that a commonsense reading should be given to an affidavit rather than a hypertechnical interpretation. Indeed, I wholeheartedly support the rule that requires that the affidavit be considered from a commonsense view, but I believe the application of the rule which supports the result in the *Ventresca* case compels an opposite result in the instant case.

*Ventresca* involved a prosecution for possession and operation of an illegal distillery. The affidavit in that case recited that the relevant information was in part based upon the affiant's (investigator assigned to the case) observations as well as upon information obtained from other investigators of the Alcohol and Tobacco Tax Division of the Internal Revenue Service assigned to the same investigation. The affidavit there described seven different occasions when a car was driven into defendant's yard. On four of these occasions the car carried loads of sugar in 60-pound bags; it made two trips loaded with empty tin cans, and once it was merely observed as being heavily laden. The car's owner and a passenger were seen on several occasions loading the car at defendant's house and later unloading apparently full 5-gallon cans at the passenger's house later in the evening. On one particular date after a delivery of empty tin cans to defendant's house, the driver and passenger were observed carrying from the house cans which appeared to be filled and placing them in the trunk of the car. On two specific occasions investigators smelled the odor of fermenting mash as they walked along the sidewalk in front of Ventresca's house. On another occasion at about the same time in the early morning they heard certain metallic noises. On the day before applying for the search warrant they heard (while they smelled the mash) sounds similar to that of a motor or pump coming from defendant's house. All of these observations were made by affiant and his fellow investigators engaged in a common investigation, and the affidavit so stated such fact.

The *Ventresca* case, as can be readily seen from the above exposition of its facts, is easily distinguishable from the case at bar wherein the only support for the reliability of the informer himself is that "said informant has furnished affiant with information on four prior occasions which information has resulted in four purchases of marijuana or dangerous drugs and that arrests are pending on these four purchases." I see no way of

comparing the facts contained in the affidavit in the *Ventresca* case with the only issue in the present case, namely, the reliability of the anonymous informer.

Defendant cites three Illinois cases in support of his argument that the sworn complaint for the search warrant failed to establish probable cause because it did not contain information sufficient to establish the reliability of the anonymous informer, *People v. Parker*, 42 Ill.2d 42, 245 N.E.2d 487, *People v. McClellan*, 34 Ill.2d 572, 218 N.E.2d 97, and *People v. Lawrence*, 133 Ill.App.2d 542, 273 N.E.2d 637. In Parker, in holding that the affidavits for the search warrant were defective, the court stated, "They do not reveal the character of this prior information or whether it led to arrests or convictions. Nor do they allege that the present information had been independently corroborated by the affiant or any other officers, other than the proof that the substances handed over were marijuana. Absent such factual allegations, or other grounds from which as issuing magistrate could reasonably credit the informer's accusation, the affidavits are defective and the warrants cannot stand." (42 Ill.2d 42, 44-45.) The facts in the *Parker* case are strikingly similar to those in the instant case and furnish persuasive support for the conclusion that the result in the present case be the same as that in *Parker*.

In *McClellan* the court held there was not probable cause for an arrest without a warrant where the reliability of the informer was only shown by the fact that the police had acted on previous tips by making arrests. The court there left unanswered the question whether the tips of an informer must lead to convictions, but held that the fact that the police acted upon previous information of an informer does not prove that the prior information was accurate and the informer reliable.

The *Lawrence* case also dealt with the existence of probable cause for a warrantless arrest and there the court affirmed the conviction. At the hearing on the motion to suppress one officer testified that he had used the informant on three prior occasions, that his information proved accurate, arrests resulted and the cases were pending in court. The other officer testified that he had used the informer once, that the information supplied by him turned out to be correct, and arrests had been made and the case was awaiting trial. The court there stated that convictions are not essential in establishing an informer's reliability and held, "The true test of his reliability is the accuracy of his information." (133 Ill. App.2d 542, 544.) The *Lawrence* case is distinguishable because there was at least an indictment and an entity distinct from the police (the grand jury) examined the prior information and found it accurate. It is not necessary here to decide whether such an independent entity's ex-

amination of the information is necessary since *Lawrence* is distinguishable on its facts. *Lawrence* dealt with a warrantless arrest, and there was a certain degree of exigency involved in the factual situation. Contrary to the assertion of the majority of the court, the *Lawrence* case is not authority for the proposition that arrests on former tips are unnecessary to justify the conclusion of reliability. In fact there were prior arrests and prior indictments. Indeed, the court concludes that even if there were prior arrests the reliability of the anonymous informer may not have been shown.

The State in its brief argues, "The Complaint for Search Warrant in the instant case states that this informant gave information to the affiant on four previous occasions; that each of these four occasions involved information on drug purchases; that each time the affiant purchased drugs based on the information furnished by this same informant; and that arrests were pending in each of the four cases at the time the instant Complaint for Search Warrant was drawn up." The State contends that the affiant stated that the affiant purchased drugs based on the information, and yet an examination of the record reveals that this is not the case. The affidavit for the search warrant only states that the information given to the affiant resulted in purchases being made. It does not state, as contended by the State in its brief, that the affiant made the purchases. It appears that the State is arguing on appeal what it believes should have been included in the affidavit. The affiant merely concludes the information resulted in purchases and gives no indication in the affidavit as to how he knew this to be true or that the materials purchased were marijuana. If the purchases had been made by the affiant based on the informant's information it would have been a simple matter to so state this fact in the affidavit. It cannot be assumed that the affiant personally made the purchases. I do not intend to imply that an affiant need make purchases himself, but if sales are to be relevant in determining reliability, the affiant must show, as the State apparently concedes, some personal knowledge in the transaction.

The State cites three Illinois cases in support of its position that the affidavit here established the reliability of the informant, *People v. McNeil*, 52 Ill.2d 409, 288 N.E.2d 464, *People v. Marro*, 4 Ill.App.3d 197, 280 N.E.2d 560, and *People v. Ramirez*, 124 Ill.App.2d 407, 260 N.E.2d 435. All three cases are distinguishable on their facts from the instant case. *Ramirez* dealt with a warrantless arrest and search where the police were twice informed by the informer that he could make a purchase of marijuana from defendant, the informer was searched sufficiently to make sure that he did not have narcotics on his person, he was given a

prerecorded bill, the police officers were subsequently advised by radio that the informer had notified headquarters that the sale had been completed, and the officer then recovered marijuana from defendant. In *Ramirez* the court recognized the distinction between cases such as *Ramirez* concerning a warrantless arrest and search and cases concerning an affidavit in support of a search warrant. It stated, "Cases cited by defendant are inapplicable or distinguishable from the case at bar. *Aguilar* * * * and *People v. Parker* * * * are cases dealing with the reliability of an anonymous informant in connection with an affidavit made for the issuance of a search warrant, and are not concerned with reasonable grounds for arrest without a warrant and an incidental search." (124 Ill.App.2d 407, 412.) As the State recites in its own brief, "[o]ne cannot reason from the probable cause required for an arrest to the probable cause needed for a search warrant, as was specifically held in *People v. Ramirez*, 124 Ill.App.2d 407, 260 N.E.2d 435."

The *McNeil* and *Marro* cases both dealt with affidavits in support of a search warrant and in both cases the affidavits were held sufficient. These two cases, however, are easily distinguishable from the case at bar on their facts. In *McNeil* the court stated, "In appraising the present affidavit the issuing judge was entitled to take into account the fact that the dominant feature of the present situation was the imperative necessity for quick action." (52 Ill.2d 409, 413.) It should be noted in the case at bar that the information was given to the affiant police officer 3 days prior to the issuance of the search warrant. In the *Marro* case the court held: "In the instant case we must note that the facts involved are almost identical with those * * *. In each of these cases the affiant police officer received information from an undisclosed informant who had previously supplied true and accurate information resulting in enumerated arrests and convictions. In each of these cases the undisclosed informant stated he placed bets over a certain phone number, and a check with the telephone company resulted in ascertaining the address associated with that phone number, which address was set out in the warrant. In each of these cases the affiant stated he dialed the given phone number, handed the telephone to the informer and then listened to the one-sided conversation of the informant, the substance of which was the placing of a bet." 4 Ill.App.3d 197, 202.

In the case at bar, the affidavit states arrests were pending in the cases previously involving the informant. This term "arrests pending" is a very conclusionary and vague phrase from which it is not possible to ascertain exactly what the situation was concerning these prior tips. The majority of the court speculates concerning the meaning of the term, suggesting, perhaps, that arrests will be made in the future or that perhaps legal

proceedings will be instituted pursuant to the sales and tips. Such speculation hardly attains the status of a "commonsense interpretation" of the affidavit.

I believe the court erred in refusing to quash the search warrant.