THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* DAVID TRIPP, Defendant-Appellee.

(No. 73-27; ▮▮▮▮▮▮▮▮▮

Second District—March 6, 1975.

John J. Bowman, State's Attorney, of Wheaton (Ralph J. Gust and Malcolm F. Smith, Assistant State's Attorneys, of counsel), for the People.

No appearance for appellee.

Mr. PRESIDING JUSTICE THOMAS J. MORAN delivered the opinion of the court:

Defendant was charged in a two-count indictment with possession of marijuana (Ill. Rev. Stat. 1971, ch. 56½, § 704(d)) and with possession of a controlled substance (Ill. Rev. Stat. 1971, ch. 56½, § 1402(a)(8)). The trial court granted defendant's motion to quash a search warrant and to suppress evidence seized thereunder. The State appeals.

The sole issue on review concerns the sufficiency of the affidavit in support of the complaint for a search warrant.

The affidavit, in part, reads:

"I, Charles Gruber, am employed as a detective and juvenile officer by the Addison Police Department * * *. On March 1, 1972 a reliable informant told me that he had been to a house located in West Chicago, Illinois, at 32 W. 220 Hawthorne Lane, numerous times and that he had seen marihuana, mescaline and cocaine in the house each time he was in the house. On March 4, 1972 this informant went back to the house at 32 W. 220 Hawthorne Lane in West Chicago, Illinois and on that occasion he saw approximate [sic] two pounds of mescaline in plastic bags on a table in the living room of the home. On that same day he saw approximately one pound of marihuana in a white garbage bag on the kitchen counter of the home. This informant has also told me that on previous occasions he has seen mescaline and marihuana in various rooms in the house.

This informant has given me reliable information on two occasions and is known to me to be knowledgeable about mescaline, marihuana and other substances. On November 24, 1971 this same informant gave me information which led to an arrest for burglary. On February 29, 1972 this same informant gave me information which led to an arrest for possession of Cannabis and Delivery of Cannabis on March 1, 1972, in an amount of over 30 grams."

It was defendant's position at the trial level that the reliability of the informant was not sufficiently established within the affidavit. In support of that position, defendant pointed out that the affidavit referred to two arrests only and did not indicate that convictions resulted from those arrests; that, relative to the two arrests, affiant did not state that information given by the informant had proved to be correct and accurate, and that a statement to the effect that the informant had previously given information which led to two arrests was not in and of itself a sufficient showing of reliability. The trial court accepted this argument and found that the showing of the informant's reliability was legally insufficient.

■■ Initially, we note that the defendant has failed to file a brief in this court. By this failure, it is within the discretion of the reviewing court to reverse pro forma or to consider the appeal on its merits. (*People v. Marro*, 4 Ill.App.3d 197, 201 (1972).) We elect to decide the case on the merits.

■■ The affidavit must set forth sufficient facts by which the magistrate can independently judge the validity of the informant's conclusion that

the narcotics were where he said they were. It must also set forth sufficient facts upon which the magistrate may determine that the informant was credible *or* his information reliable. *Aguilar v. Texas*, 378 U.S. 108, 12 L.Ed.2d 723, 729, 84 S.Ct. 1509 (1964); *Spinelli v. United States*, 393 U.S. 410, 21 L.Ed.2d 637, 641-42, 89 S.Ct. 584 (1969).

In *People v. McNeil*, 52 Ill.2d 409, 411, 414 (1972), our supreme court, after considering *Aguilar* and *Spinelli*, found the informant reliable in a search warrant which did little more than state that the affiant "received information from a confidential source who has furnished me with reliable information in the past * * *." The court based its rationale on the surrounding circumstances of "imperative necessity for quick action" and the fact that the specificity of the affidavit practically disclosed the identity of the informer. In so doing, the court adhered to its decision in *People v. Parker*, 42 Ill.2d 42, 44 (1968), which states:

"Their sole allegation relating to the reliability of the informer is the general averment that he had 'previously given information to said complainant which proved to be true.' They do not reveal the character of this prior information or whether it led to *arrests or convictions.* * * * Absent such factual allegations, or other grounds from which an issuing magistrate could reasonably credit the informer's accusation, the affidavits are defective and the warrants cannot stand." (Emphasis added.)

■■ In the present cause, the detailed description of the location of the contraband sufficiently sets forth circumstances upon which the magistrate could determine that the contraband was where the informant claimed it to be.

As required by *Parker*, the averments here reveal that the character of the previous information was "reliable" and that it in fact led to two specified arrests. Given these averments and the detailed description of the location of the contraband, we find there to be sufficient factual allegations from which the issuing magistrate could reasonably conclude that the informant's information was reliable. Also see *People v. Thomas*, 24 Ill.App.3d 932, 321 N.E.2d 696 (1974).

Judgment reversed.

SEIDENFELD and GUILD, JJ., concur.