The People of the State of Illinois, Plaintiff-Appellee, *v.* Ronald G. Pelton, Defendant-Appellant.

(No. 74-354;

Third District—April 25, 1975.

Braud, Neppl, & Warner, of Rock Island (Dennis DePorter, of counsel), for appellant.

William K. O'Connor, State's Attorney, of Cambridge (Jeffery O'Connor, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE ALLOY delivered the opinion of the court:

Defendant Ronald G. Pelton appeals from a finding of guilty in a bench trial of a misdemeanor charge of possession of cannabis in the Circuit Court of Henry County, Illinois. He was thereafter sentenced to a period of 2 years' probation and fined $500.

On appeal in this court, defendant Pelton complains that the search warrant, which was the means by which the marijuana was obtained, was based on a complaint which did not recite sufficient allegations to show probable cause, and which should, therefore, have been suppressed on motion to suppress filed by defendant.

From the record it appears that Investigator Thomas Dura swore out an affidavit for a search warrant for the premises consisting of a farm house near Geneseo on February 15, 1974. Later that day, Dura and six law enforcement officials arrived at the house to execute the warrant at about 7:10 P.M., and found only defendant's roommate in the living room. Apparently a young female entered the house soon thereafter and other people were present later on. The officers found quantities of plant material on the coffee table in the living room next to defendant's roommate, and also found quantities of plant material in the refrigerator and in the kitchen cupboard. Defendant arrived at the house at about 8:55 P.M. and was searched by the officer, but nothing was found on his person. Defendant Pelton was the tenant who paid the rent. He was found guilty on both counts of the indictment, which charged unlawful possession of marijuana. The court allowed judgment n.o.v. for defendant on the felony count, but refused to change the finding of the court of guilty on the misdemeanor count.

The search warrant resulted in a seizure of the marijuana (which was tested and established as the contraband material—cannabis sativa, specified in the statute of this State). The affidavit for the warrant, in

its relevant parts, simply recited that Dura was an investigator of the sheriff's department of Henry County, Illinois, and then stated:

> "2. That said affiant was told by a reliable informant that Ronald E. Pelton sells marihuana at said above-described property and
> 3. That said informant has admitted to said affiant that on February 9, 1974, he purchased marihuana from said Ronald E. Pelton, and that marihuana is for sale by Ronald E. Pelton every weekend."

The warrant requested authorized a search of the farmhouse for marijuana and other related items.

■■ The fact that the affidavit involved hearsay, in relating the informant's statement, does not prevent the affidavit normally from supporting a search warrant if the affidavit shows a substantial basis to support the credibility of the hearsay information. *United States v. Harris* (1971), 403 U.S. 573, 580-581, 29 L.Ed.2d 723, 732, 91 S.Ct. 2075; *People v. Saiken* (1971), 49 Ill.2d 504, 511, 275 N.E.2d 381.

As we have previously observed in a number of cases, the generally accepted test of the affidavit, to support a search warrant of the character before us, is set forth in *Aguilar v. Texas* (1964), 378 U.S. 108, 114, 12 L.Ed.2d 723, 729, 84 S.Ct. 1509:

> "* * * the magistrate must be informed of some underlying circumstances from which the informant concluded that the narcotics were where he claimed they were, and some of the underlying circumstances from which the officer concluded that the informant, whose identity need not be disclosed * * * was 'credible' or his information 'reliable'."

It is asserted by defendant that the affidavit in the case before us fails to meet either point of the *Aguilar* test, since it contains nothing supporting the informant's conclusion that the drugs were on the premises on February 15, 1974, and, also, that there is nothing supporting the investigator's statement that informant was "reliable."

The State concedes that there is nothing to support the statement as to the informant's reliability, and also, that there are no allegations that the informant had given previous tips which had been substantiated by the authorities or similar acts establishing reliability. (See *People v. Thomas* (3rd Dist. 1974), 24 Ill.App.3d 932, 321 N.E.2d 696.) Obviously, the simple labeling of informant as "reliable" is not sufficient, since this is a conclusion of the affiant without any supporting facts. *People v. Davenport* (5th Dist. 1974), 19 Ill.App.3d 426, 311 N.E.2d 751.

While conceding these points the State argues that the informant's reliability is shown by his admission that he bought marijuana from defendant, since this is deemed to be a statement against the informant's penal interest. We agree that if a statement is made by an informant

against his penal interest, such statement has been held to be sufficient to show the informant's reliability as required under the *Aguilar* test as shown in *United States v. Harris*, 403 U.S. 573, at 583-84, 29 L.Ed.2d 723, 734. (See also *People v. Saiken* (1971), 49 Ill.2d 504, 512; *People v. Bolander*, 24 Ill.App.3d 804, 808, 322 N.E.2d 624.) The conclusion as to the effect of statements against an informant's penal interest was supported specifically by four of the nine Justices in *Harris*. The statement against penal interest in that case was used to show reliability only in connection with the additional supporting facts of affiant's own knowledge of activities of Harris.

We note that in the affidavit in the instant case, there is nothing to support the informant's reliability except the bare assertion and the admission that the informant purchased marijuana from Pelton. This is contended by the State to be against the penal interest of the informant. The affidavit, however, in the cause before us shows certain basic weaknesses. The only fact alleged is that the informant bought marijuana from defendant 6 days earlier on February 9. It is difficult to relate this to the conclusion that thereby probable cause is established for issuance of the warrant on February 15. Likewise, there is nothing, either express or implied, in the affidavit to show why marijuana would be in possession of defendant on February 15, other than the bare assertion that "marihuana is for sale by Ronald E. Pelton every weekend." The informant doesn't say that Ronald Pelton told him that marijuana was for sale on weekends, so far as shown by the affidavit. This could simply be based on a rumor.

Another issue which tends to show the unsuitability of the affidavit arises from the statement as to purchase of marijuana by the informant. Under the law of this State, the mere fact of a purchase of marijuana does not establish a crime. (Ill. Rev. Stat. 1973, ch. 56½, §§ 704, 705, 706). It is only possession, manufacture or delivery of the contraband which constitute crimes. There is nothing in the affidavit which would establish, unequivocally, that informant could be prosecuted for possession or delivery of marijuana. If informant, for example, after he had made the purchase, was then in possession of, and then surrendered the marijuana to the authorities, such circumstances, if recited, would have established an entirely different situation.

While we agree, as we have indicated in *People v. Thomas*, 24 Ill.App. 3d 932, 321 N.E.2d 696, that we should approach the evaluation of the search warrant affidavit in a common sense manner and should not reject it on a highly technical point, and while we recognize that the exclusionary rule should not be applied unless circumstances clearly require it,

we see no clear showing of a risk of penal interest by the affiant in the instant case.

■■ The information contained in the affidavit, as we have noted, is vague and conclusionary in nature, and is otherwise unsupported by any evidence to justify the court in concluding that the informant was reliable. We also can find no clearly established statement against the informant's penal interest as we have noted. For the reasons stated, we conclude that the trial court should have granted the motion to suppress the evidence seized on the strength of the search warrant issued since the complaint for the warrant failed to establish probable cause for the issuance of the search warrant.

In view of our determination of the issue relating to the search warrant, we do not believe it is necessary to discuss the issue relating to who was in possession of the cannabis seized or whether or not, in fact, the contraband seized was cannabis.

This cause is, therefore, reversed and remanded to the Circuit Court of Henry County for further proceedings consistent with this opinion.

Reversed and remanded.

STOUDER, P. J., and BARRY, J., concur.