**AMERICAN SAMOA GOVERNMENT, Plaintiff,**

**v.**

**SAVELIO MALETINO, Defendant.**

High Court of American Samoa
Trial Division

CR No. 66-04

June 7, 2005

Before RICHMOND, Associate Justice; MAMEA, Associate Judge; and SAOLE, Associate Judge.

Counsel: For Plaintiff, Julie Sione, Assistant Attorney General
For Defendant, Sharron Rancourt

ORDER DENYING MOTION TO SUPPRESS EVIDENCE BASED
ON FOUR-CORNER INSUFFICIENCY OF SEARCH WARRANT
AFFIDAVIT

## Background

On October 25, 2004, based on what they had learned from a confidential informant, police obtained and then executed a search warrant pertaining

to the residence of Defendant Savelio Maletino ("Maletino"). Upon execution of the warrant, officers found marijuana plants growing on Maletino's land and arrested him for the unlawful possession of a controlled substance. On April 22, 2005, Maletino filed a motion to suppress, asserting that the search warrant was facially defective because it relied on testimony from a confidential informant, without adequately demonstrating that the informant's testimony was trustworthy. The motion further requests a *Franks* hearing to determine whether police officers intentionally included material misstatements of fact in the search warrant.

## Analysis

### I. Informant's Testimony

In *Illinois v. Gates*, 462 U.S. 213 (1983), the United States Supreme Court established a "totality of the circumstances" test to determine whether information provided by a confidential informant is trustworthy enough to establish probable cause in a search warrant.[1] The Court provided that although the totality of the circumstances test should not have any rigid boundaries, a complete analysis of the informant's information should include the two-prong test laid out in *Aguilar v. Texas*, 378 U.S. 108 (1964). The two-prong *Aguilar* test asks whether the warrant (1) establishes the veracity or reliability of the confidential informant's testimony; and (2) includes the raw facts on which the informant based his or her knowledge and conclusions. *See Am. Samoa Gov't v. Samana*, 8 A.S.R.2d 1, 6 (Trial Div. 1988); *Am. Samoa Gov't*, 25 A.S.R.2d 103, 104 (Trial Div. 1993).

### A. Confidential Informant's Veracity

Here, the issue is whether the warrant adequately establishes the confidential informant's reliability as a witness. The focus of this inquiry is on the informant's past performance as a supplier of information. Many courts have held that evidence in the warrant that an informant's tips have in the past lead to convictions is sufficient, but not necessary to establish his veracity. *See Colorado v. Arnold*, 527 P.2d 806, 809 (Colo. 1975) ("To impose the more stringent requirement that information led to convictions would impose an undue restriction on law enforcement

---

[1] In inquiring into whether a warrant is based on probable cause, a reviewing court "may only address whether the evidence viewed as a whole provided a substantial basis" for the magistrate's finding of probable cause as opposed to an after the fact *de novo* assessment of probable cause. *Am. Samoa Gov't v. Samana*, 8 A.S.R.2d 1, 7 (Trial Div. 1988) (*citing Massachusetts v. Upton*, 466 U.S. 727, 733 (1984).

officers"); 2 WAYNE R. LAFAVE, SEARCH AND SEIZURE 106-07 (3d ed. 1996) (and cases cited therein). In fact, some courts have held that a reliable informant's track record of assistance need not even have led to any arrests. *Illinois v. Thomas*, 321 N.E.2d 696, 698 (Ill. App. Ct. 1974) ("As a matter of fact, arrests are not necessary to verify past information of an informant . . ."). Furthermore, although helpful, the warrant need not necessarily provide detailed information about the precise criminal cases that the informant has assisted in. *Rhode Island v. Joseph*, 337 A.2d 523, 526-27 (R.I. 1975) ("While some detailing of an informant's track record might be desirable, it is not a necessity.").

 In the present controversy, in support of the informant's veracity, the warrant provided that the source had "provided information in the past that led to several arrests and prosecutions of marijuana activities." This statement is sufficient to establish the veracity of the informant. When an informant has a track record of reliability, and such a track record is referenced on the face of the warrant, generally, the informant's veracity is established. Here, the police officers provided adequate detail for the magistrate to determine that informant has a reliable track record and therefore we hold that confidential informant's reliability has been established.

B. Confidential Informant's Basis of Knowledge

Here, the issue is whether the face of the warrant provided adequate detail for the magistrate to determine that the informant based his conclusions on actual facts. *Stanley v. Maryland*, 313 A.2d 847, 858 (Md. Ct. Spec. App. 1974) (finding that the informant must "furnish the raw data of his senses, so that the reviewing judge could draw his own conclusion from the data"). In the present controversy, Defendant claims that the magistrate should not have relied on the informant's conclusions because the informant did not provide a sufficient description of Defendant's residence. We disagree.

 We find that the informant has provided the magistrate with enough specific facts to conclude that probable cause was present to search the house. The informant's general conclusion is that Maletino grows and sells marijuana at his residence. This conclusion is based on several facts. First, the informant stated that he personally knows Maletino, has been to Maletino's house and that marijuana plants were growing inside banana patches behind the house. Although this detailed information is not definitive proof that the informant has been on the property and personally observed the plants, such information is specific enough to allow a magistrate to conclude he had. Second, during the controlled buy, the informant was sent to Maletino's house with money and he returned with marijuana he claimed was purchased from Maletino.

160

Defendant claims that this information cannot be relied upon because the police never actually witnessed the drug buy, and therefore cannot be sure that it actually occurred. However, at this stage, the police need not establish that the informant's testimony is true. *See United States v. Garofalo*, 496 F.2d 510, 511 (8th Cir. 1974) ("'Probable cause is not defeated because an informant is later proved to have lied, as long as the affiant accurately represented what was told him'") (*quoting United States v. Sultan*, 463 F.2d 1066, 1070 (2nd Cir. 1972)). Therefore, the police may simply report to the magistrate what the informant told them. And, here, that is exactly what the police did. The informant told the police officers that during the controlled buy, he went to Maletino's house and purchased marijuana. The police then corroborated this testimony by confirming that the substance the informant returned with was marijuana. At that point, the police need only report what the informant had told them to the magistrate, without confirming its truth.

In sum, the informant has given specific information about the location of hidden marijuana plants at the Defendant's residence and has stated that he personally purchased marijuana from the Defendant, at his residence. Put together, these facts are sufficient to form a basis for the informant's conclusion that Maletino was growing and selling marijuana at his home.

Thus, in conclusion, we hold that under the totality of the circumstances the informant's information is adequately trustworthy to provide probable cause for the search of Maletino's house.

## II. *Franks* Hearing

Defendant asserts that he is entitled to a *Franks*[2] evidentiary hearing to determine whether the police provided a material misstatement of fact in the search warrant. Maletino maintains that while the search warrant provides that the informant purchased marijuana from him on October 22, 2004, he did not have any visitors during that day and therefore the search warrant must contain a material misstatement of fact.

The Supreme Court has concluded that a defendant can challenge a facially valid warrant by showing that: (1) the affidavit contains information "that the affiant knew was false or would have known was false but for his reckless disregard for the truth," *United States v. Stanert*, 762 F.2d 775, 780 (9th Cir. 1985); and (2) that, absent the false information, the affidavit would not support a showing of probable cause to issue the warrant. *United States v. Leon*, 468 U.S. 897, 923 (1984). Once the defendant makes this substantial preliminary showing, the court must hold an evidentiary hearing at the defendant's request. *Franks*, 438

---

[2] *See Franks v. Delaware*, 438 U.S. 154 (1978).

U.S. at 155-56; *Am. Samoa Gov't. v. Samana*, 30 A.S.R.2d 98, 103 (Trial Div. 1996). At that hearing, if the court concludes that the magistrate was misled by information in the affidavit that was intentionally or recklessly false, then the evidence gained under the warrant must be suppressed. *Leon*, 468 U.S. at 923.

 However, the requirement of a substantial preliminary showing "is not lightly met." *United States v. Wajda*, 810 F.2d 754, 759 (8th Cir. 1987). A mere allegation standing alone, without an offer of proof in the form of a sworn affidavit of a witness or some other reliable corroboration, is insufficient to make the difficult preliminary showing. *Franks*, 438 U.S. at 171. While Maletino identified what he said were specific falsehoods in the affidavit, he offered no proof that his version of the facts is the correct one. Furthermore, he offered no proof that the alleged falsehoods were deliberate or reckless. "When no proof is offered that an affiant deliberately lied or recklessly disregarded the truth, a *Franks* hearing is not required." *United States v. Moore*, 129 F.3d 989, 992 (8th Cir.1997). Therefore, we deny Maletino's motion in request of a *Franks* hearing.

## Order

1. Defendant's motion to suppress is denied.

2. Defendant's motion for a *Franks* hearing is denied.

It is so ordered.