People of the State of Illinois, Appellant, v. In the Matter of a Search Warrant Upon the Premises Described as and Located at 5948 West Diversey Avenue, Second Floor Apartment, Chicago, Illinois, Appellee.

Gen. No. 51,737.

First District, Second Division.

May 21, 1968.

John J. Stamos, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Joseph A. Garlovsky, Assistant State's Attorneys, of counsel) for appellant.

No attorney for appellee.

MR. JUSTICE McNAMARA delivered the opinion of the court.

The trial court granted defendant's motion to suppress the evidence and to quash a search warrant on the grounds that the complaint for search warrant on its face was issued upon evidence secured by illegal eavesdropping. The State appeals, contending that defendant failed to sustain his burden of evidence on the motion to suppress in that no evidence of illegal eavesdropping appears on the face of the complaint for search warrant, and that no evidence was introduced that an eavesdropping device was used.

On December 29, 1965, a Magistrate issued a search warrant upon the verified complaint made by Officer Donald Herion to search the premises of the second floor apartment, 5948 W. Diversey Avenue, Chicago, and to seize scratch sheets, bet slips and other gambling paraphernalia which had been used in the commission of, or which constituted evidence of the offense of gambling. The affidavit was as follows:

> "Complainant says that he has probable cause based upon the following facts, that the above listed things to be seized are now located upon the premises set forth above:
>
> > "Donald Herion received information from a known and reliable informant who in the past has given Donald Herion reliable and accurate

480

information relative to gambling activities, that this informant has been, and is currently calling in horse bets, to the telephone number of TU 9–3928, and that on 28 December 1965, at about 11:45 a. m., said informant in the company of Donald Herion, went to a telephone and Donald Herion after dialing the telephone number of TU 9–3928, handed the receiver of the telephone to the said informant and he then placed a bet to the person answering the telephone on the first race at the 'Fairgrounds,' on a horse named 'Busy Wac,' for $2.00 to win. A check of the telephone records reveal this telephone to be listed to one Ralph Klodzinski, of 5948 W. Diversey Ave., 2nd floor in the City of Chicago, State of Illinois."

Ralph Klodzinski was arrested on December 29, 1965, for gambling offenses. On June 3, 1966, Klodzinski filed a written petition to suppress the evidence and quash the search warrant, alleging:

"That the complaint for the search warrant on its face reveals that Officer Donald Herion was guilty of a violation of Chapter 38, § 14–1–2."

At the hearing on the motion conducted on that date, counsel for Klodzinski chose to introduce no evidence, stating: "It's on the face that's what I allege in my petition." Officer Herion was present at the hearing, but was not called to testify. After reading aloud the face of the warrant and headnote two of People v. Kurth, 34 Ill2d 387, 216 NE2d 154 (1966), the court sustained the motion to suppress the evidence and quashed the search warrant.

"A motion (to suppress evidence illegally seized) shall be in writing and state facts showing wherein the search and seizure were unlawful. The judge shall receive evidence on any issue of fact necessary to determine the

motion and the burden of proving that the search and seizure were unlawful shall be on the defendant." Ill Rev Stats, 1965, c 38, § 114–12(b).

The definitions and elements of illegal eavesdropping are set forth in Ill Rev Stats, 1965, c 38, § 14–1 and § 14–2:

> "§ 14–1(a)  An eavesdropping device is any device capable of being used to hear or record oral conversation whether such a conversation is conducted in person, by telephone, or by any other means; . . .
>
> "§ 14–1(b)  An eavesdropper is any person, including law enforcement officers, who operates or participates in the operation of any eavesdropping device . . .
>
> "§ 14–2  A person commits eavesdropping when he:
>
>> "(a) Uses an eavesdropping device to hear or record all or any part of any oral conversation without the consent of any party thereto; or .
>>
>> "(b) Uses or divulges any information which he knows or reasonably should know was obtained through the illegal use of an eavesdropping device."

In People v. Kurth, supra, the Supreme Court held that tape recordings of telephone conversations and oral conversations obtained by use of radio transmitters and tape recorders were inadmissible against one who had not consented to the recording.

■■  Under the statute and the Kurth case, the defendant has the burden of proving use of an eavesdropping device. Use of such a device must be shown in order to establish the offense of eavesdropping. In the

482

Kurth case, the devices used were explicit: radio transmitters, receivers and a tape recorder. An examination of the complaint and search warrant in the instant case reveals that there was no device in the hands of Officer Herion after the telephone call was placed, or that Officer Herion used any such device to hear or record all or any part of an oral conversation. The only object mentioned in the complaint was a telephone. Clearly, a telephone itself does not constitute a device banned by the eavesdropping statute. The face of the search warrant fails to reveal any use of illegal eavesdropping.

Accordingly, the order of the Circuit Court is reversed, and the cause remanded with directions to deny the motion to quash the search warrant, and for further proceedings not inconsistent with this opinion.

Order reversed and cause remanded with directions.

BURKE, P. J. and LYONS, J., concur.