(No. 42128.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* LOUIS KOPPLE *et al.*, Appellants.

*Opinion filed May 27, 1970.—Rehearing allowed October 6, 1970.*

MICHAEL H. BRODKIN, of Chicago, for appellants.

WILLIAM J. SCOTT, Attorney General, of Springfield, and EDWARD V. HANRAHAN, State's Attorney, of Chicago, (JAMES B. ZAGEL, Assistant Attorney General, and ELMER C. KISSANE and JOSEPH ROMANO, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE CREBS delivered the opinion of the court:

The circuit court of Cook County issued a warrant to search apartment 304 at 4750 North Clarendon in Chicago and seize all records of horse bets, sports bets and miscellaneous paraphernalia which constitute evidence of the offense of gambling. The warrant was executed that same day and items generally found in a gambling operation were seized. After several continuances, the trial court granted the petition of Louis Kopple and Morris Klotz to quash the warrant and suppress the evidence seized because the complaint for the warrant did not state facts sufficient to show probable cause for its issuance. The People appealed, the appellate court found that the complaint showed probable cause for issuance of the warrant and it reversed the order quashing the warrant. (*People* v. *Kopple*, 105 Ill. App. 2d 68.) We granted leave to appeal to consider appellants assertion that the appellate court opinion conflicts with *Spinelli* v. *United States*, 393 U.S. 410, 21 L. Ed. 2d

637, 89 S. Ct. 584, which was announced after the appellate court opinion was rendered.

In *Spinelli* the Supreme Court held that the affidavit upon which a search warrant had issued did not show probable cause. In reaching this conclusion the court observed : "Though the affiant swore that his confidant was 'reliable,' he offered the magistrate no reason in support of this conclusion. Perhaps even more important is the fact *Aguilar's* other test has not been satisfied. The tip does not contain a sufficient statement of the underlying circumstances from which the informer concluded that Spinelli was running a bookmaking operation. We are not told how the FBI's source received his information—it is not alleged that the informant personally observed Spinelli at work or that he had ever placed a bet with him." 393 U.S. 410, 416, 21 L. Ed. 2d 637, 643, 89 S. Ct. 584, 589.

The appellate court opinion states the material allegations of the complaint which need not be repeated. The complaint meets the "two-pronged test" of *Aguilar* v. *Texas,* 378 U.S. 108, 12 L. Ed. 2d 723, 84 S. Ct. 1509, as "explicated" in *Spinelli.*

The issue of "underlying circumstances" from which it could be judged that the informant knew a gambling operation was being conducted at apartment 304 at 4750 North Clarendon was shown by the informant's statement that he placed bets by calling two stated telephone numbers. Independent investigation revealed that these telephones were at that apartment at that address. The informant's reliability was shown by the sworn statement of the complainant that he heard the informant place a bet after dialing one of the stated telephone numbers.

The judgment of the appellate court is affirmed and the cause is remanded for further proceedings not inconsistent herewith.

*Affirmed and remanded.*