THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* SYLVESTER LAWRENCE, Defendant-Appellant.

(No. 54652;

First District—July 8, 1971.

Gerald W. Getty, Public Defender, of Chicago, (James N. Gramenos, Assistant Public Defender, of counsel,) for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (James Sternik and Robert A. Novelle, Assistant State's Attorney, of counsel,) for the People.

Mr. JUSTICE DEMPSEY delivered the opinion of the court:

Sylvester Lawrence was tried before a judge of the Circuit Court on a charge of unlawful possession of narcotics, found guilty, and sentenced to a term of two to four years in the penitentiary. He seeks reversal of his conviction on the ground that his constitutional rights were violated by the introduction into evidence of narcotics found on his person at the time he was arrested. He claims that the arrest was invalid because it was made without a warrant and based on information supplied by an informer whose reliability was not proved. He also claims that the trial court's failure to make findings of fact and state conclusions of law upon denying his motion to suppress evidence was reversible error.

Two police officers arrested Lawrence on information received from an informer who said that a man called "Sissy Blue" had sold him heroin. The heroin which the informer said he had purchased was not shown to the policemen. The officers met the informer about noontime at Division and Wells Streets, Chicago. He said that he and others had just bought narcotics from "Sissy Blue" at the corner of Division and Moore Streets, and that he still had some in his possession. The officers had been given

accurate information by the informant on previous occasions. They had seen Lawrence a number of times and knew that "Sissy Blue" was a nickname. They drove to Division and Moore Streets, saw Lawrence in the doorway of a tavern and arrested him. He was taken into the police car where he handed the officers four packages of heroin.

The two officers were the only witnesses heard on the motion to suppress. One said that he had used the same informer on three prior occasions, that his information proved accurate, arrests resulted and the cases were pending in court. The second officer testified that he had used the informer once, that the information supplied by him turned out to be correct, an arrest had been made and the case was awaiting trial.

■■ A search of a person without a warrant is proper and the evidence is admissible if the search is incidental to a lawful arrest. (*People v. Wright* (1969), 42 Ill.2d 457, 248 N.E.2d 78.) Probable cause for an arrest may be based upon information supplied by an informer if his reliability has been previously established or independently corroborated. (*People v. McClellan* (1966), 34 Ill.2d 572, 218 N.E.2d 97.) In *McClellan*, police officers arrested a passerby on an informer's tip that he was "dirty." The informer had furnished information on three previous occasions which resulted in arrests. It was held that this was insufficient to establish the informer's reliability. The court said: "The fact that the officers made three arrests on information furnished by Slick [the informer] shows only that they acted on his previous tips and does not show that the previous tips proved to be accurate."

■■ Lawrence relies upon the *McClellan* decision in arguing that the reliability of the informer in the present case was not established because there was no proof that his prior tips resulted in convictions. In other words, he seeks the adoption by this court of a standard of reliability based on previously-obtained convictions. In *McClellan* the court stated that it was unnecessary to decide whether the State must show that convictions followed an informer's prior tips. In contrast to the evidence in *McClellan*, the police officers in the present case testified that the information given them by the informer had been accurate; his information had resulted not only in arrests but in indictments. Convictions, while corroborative of an informer's reliability, are not essential in establishing his reliability. Arrests, standing alone, do not establish reliability, but information that has been proved accurate does. Arrestees may not be prosecuted; if prosecuted they may not be indicted; if indicted they may not be tried; if tried they may not be convicted. If a case is tried, the informer may never testify; his credibility may never be passed upon in court. The true test of his reliability is the accuracy of his information.

■■■ The reasonableness of any search must be determined from the

facts and the circumstances in the case. The officers in the instant case had received information from the informer in the past. What he told them on those occasions had been confirmed; arrests were made; those accused were indicted; their cases were awaiting trial. The officers had reason to believe his information about "Sissy Blue's" possessing narcotics was reasonably trustworthy. Probable cause existed for the defendant's arrest and the subsequent search was valid. *Brinegar v. United States* (1949), 338 U.S. 160.

■■ Upon denying the motion to suppress, the trial judge did not state the findings of fact or conclusions of law upon which his judgment was based. This is a statutory requirement (Ill. Rev. Stat., ch. 38, par. 114—12(e)), and the failure to comply with the statute was error. (*People v. Pugh* (1971), 133 Ill.App.2d, 272 N.E.2d 742.) The error, however, under the facts of this case, was harmless. The defendant neither testified nor presented evidence at the hearing on his motion to suppress. There was no contradiction to the testimony of the police officers and there was no conflict in their testimony. Their credibility was not in issue and their simple testimony of the events leading up to the defendant's arrest and search met the required standard for a reasonable search. *People v. Holloman* (1970), 46 Ill.2d 311, 263 N.E.2d 7.

The judgment is affirmed.

Judgment affirmed.

McNAMARA, P. J., and McGLOON, J., concur.