The People of the State of Illinois, Plaintiff-Appellant, *v.* Lizzie Williams *et al.*, Defendants-Appellees.

(No. 60347; ▮▮▮▮▮▮)

First District (4th Division)—May 14, 1975.

*Rehearing denied June 4, 1975.*

Bernard Carey, State's Attorney, of Chicago (Patrick T. Driscoll, Jr., and Barry Rand Elden, Assistant State's Attorneys, of counsel), for the People.

Irwin L. Frazin, of Chicago, for appellees.

Mr. PRESIDING JUSTICE DIERINGER delivered the opinion of the court:

This is an appeal from an order entered by the Circuit Court of Cook County granting the defendants' motion to quash the search warrant and to suppress the evidence seized pursuant to said warrant. The State brings this appeal in accordance with Supreme Court Rule 604(a)(1) (Ill. Rev. Stat. 1973, ch. 110A, § 604(a)(1)).

The only issue presented on appeal is whether the complaint for the issuance of the search warrant adequately established the reliability of the undisclosed informant.

On January 29, 1974, Officer Alfred Kirk of the Chicago Police Department swore out a complaint for a search warrant for the person of Lizzie Williams and the premises of 5259 South Prairie Avenue, Chicago. The complaint requested permission to seize "marijuana (Cannabis Sativa) and other narcotic paraphernalia." Officer Kirk filed the follow-

ing affidavit in support of his complaint for issuance of the search warrant:

"I, officer Alfred Kirk, Jr. #8776 a police officer for the Chicago Police Dept. assigned to the 002 District Station which is located at 5101 S. Wentworth Avenue, City of Chicago, had a conversation with a reliable informant who has given me information relative to narcotics during the past year that has led to the arrest of 12 people on three separate occasions. On each of these occasions illegal narcotics and narcotics paraphernalia has been recovered. One of these cases has been discharged in court, the remaining two cases are still pending in the court system at this time. This informant related to me that on 28 Jan. 74 approximately 7:30 P.M. he went to the apartment on the first floor located at 5259 South Prairie Avenue and purchased a $5.00 bag of marijuana from the person known to him as Liz Williams, and while he was at this address, three M/N youths came to the apartment and each one of them made a purchase of a $5.00 bag in his presence. The informant further relates that while standing inside the first floor apartment with the other three youths, he observed Lizzie Williams enter into the first bedroom on the south side of the hallway which runs east to west, and reach into a shopping bag and get the four $5.00 bags. When Lizzie Williams reached into the shopping bag, he could see that the bag was almost full. Lizzie Williams then pushed the shopping bag back under the bed. This conversation took place in the 002 District Station at 29 Jan. 74 at 5:45 P.M. After this conversation with the aforementioned informant, I then went to this location and between the hours of 6:15 P.M. to 7:00 P.M. I observed several teens enter and leave the building and some known narcotic users enter and leave after a brief stay. From my concealed position I could observe that all persons enter, and left from the first floor apartment on the south side of the building. My informant states that he hand rolled one cigarette and got the same feeling of 'high' that he got in the past from the contents of the bag he had purchased."

On the basis of Officer Kirk's affidavit a search warrant was issued the same day and a search was subsequently conducted. Quantities of marijuana, L.S.D., Ritalin, and .22-calibre ammunition were found. Defendants Lizzie Williams and Joseph Williams were separately charged with possession of marijuana, possession of a controlled substance, and unlawful possession of ammunition.

On March 18, 1974, defendants filed a motion to quash the search

warrant and suppress the aforesaid evidence. The trial court granted the motion on the ground the reliability of the undisclosed informant was not sufficiently established.

Initially, it must be noted that on motion of the State the present case was consolidated with eight other cases, namely, our case numbers 60339 through 60346, inclusive. The eight cases were based on the search warrant mentioned above. The State, however, failed to mention the other eight cases in its brief to this court. A search of the record further reveals no affidavit or final appealable order in any of the eight cases. There is, therefore, nothing presently before this court to indicate what the State is appealing from in those eight cases. Having not been advised by the State of any reason why we should proceed in said eight cases, this court hereby dismisses them and will consider only case number 60347, dealing solely with the complaint for issuance of the search warrant, the instant case.

In the case before us, the State contends the trial court erred in granting the defendants' motion to quash the search warrant since the reliability of the undisclosed informant was adequately established. The constitutional requirements for an affidavit sufficient to establish probable cause for issuance of a search warrant were enunciated in *Aguilar v. Texas* (1964), 378 U.S. 108, wherein the United States Supreme Court stated:

"Although an affidavit may be based on hearsay information and need not reflect the direct personal observations of the affiant [citations], the magistrate must be informed of some of the underlying circumstances from which the informant concluded that the narcotics were where he claimed they were, and some of the underlying circumstances from which the officer concluded that the informant, whose identity need not be disclosed [citation], was 'credible' or his information 'reliable.'"

In their motion to quash the search warrant, the defendants did not challenge the first of the *Aguilar* requirements, namely, that the affidavit set forth circumstances from which the informant concluded that the narcotics were where he claimed they were. Defendants challenged the second *Aguilar* requirement, namely, that the affidavit set forth circumstances from which the affiant concluded that the undisclosed informant was credible and reliable. Specifically, the defendants argued that an informant's reliability can only be sufficiently established if his prior information has resulted in convictions, not mere arrests. The State contends the informant's reliability was adequately established since Officer Kirk stated in his sworn affidavit that over the past year the informant had given him information that resulted in 12 arrests for narcotics viola-

tions on three separate occasions, all of which involved recovery of narcotic contraband.

It is well settled that an affidavit based on the personal observations of one other than the affiant is sufficient to show probable cause for issuance of a search warrant so long as a substantial basis for crediting the hearsay is presented. (*People v. Francisco* (1970), 44 Ill.2d 373.) In such cases, the only requirement is that the issuing magistrate be able to make an informed and deliberate determination from the circumstances set forth in the affidavit that the informant is, in fact, reliable and accurate. Such a determination must be made in a common sense and realistic fashion. (*People v. Dillon* (1970), 44 Ill.2d 482.) In the case at bar, Officer Kirk's affidavit adequately established the informant's reliability. The affidavit not only stated that the officer had acted upon the informant's previous tips, but also that they were accurate. To hold that the informant could be "reliable" only when there has been a conviction would be unrealistic and contrary to the bounds of common sense. In *People v. Lawrence* (1971), 133 Ill.App.2d 542, the appellate court was presented with the same argument as defendants advance in the instant case. There the court concluded that probable cause had existed for the defendant's search and arrest, despite the absence of previously obtained convictions resulting from the informant's prior tips. The court stated:

> "Convictions, while corroborative of an informer's reliability, are not essential in establishing his reliability. Arrests, standing alone, do not establish reliability, but information that has been proved accurate does. Arrestees may not be prosecuted; if prosecuted they may not be indicted; if indicted they may not be tried; if tried they may not be convicted. If a case is tried, the informer may never testify; his credibility may never be passed upon in court. The true test of his reliability is the accuracy of his information." (133 Ill.App.2d 542, 544.)

In the present case, the informant's prior information had been accurate, thus adequately establishing his reliability. The trial court erred, therefore, in quashing the search warrant. Accordingly, the order of the Circuit Court of Cook County is reversed.

Reversed.

ADESKO and JOHNSON, JJ., concur.