THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. JAMES WALKER et al., Defendants-Appellees.

(No. 61303;

First District (4th Division)—November 12, 1975.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon and William J. Stacy, Assistant State's Attorneys, of counsel), for the People.

Sam Adam and Alan D. Blumenthal, both of Chicago, for appellees.

Mr. JUSTICE BURMAN delivered the opinion of the court:

This is an appeal by the State from an order of the circuit court sustaining the motion of defendants, James Walker and Roxie Walker, to quash a search warrant and suppress the evidence seized under its authority. The issue on appeal is whether the complaint for the search warrant alleges facts sufficient to show the reliability of a hearsay informant, upon whose information the complaint solely relies, and justifies a finding of probable cause for the issuance of that warrant.

The record reveals that Investigator William Mitchell appeared before Judge Paul F. Gerrity on May 14, 1973, and presented a sworn complaint for the issuance of a search warrant to search the person of James Walker and a specified single-family dwelling and to seize a quantity of heroin. In his complaint Investigator Mitchell alleged as follows:

"* * * On 13 May 1973 * * * I had a conversation with a reliable informant whom I have known for the past (1) year and who has given me information relative to narcotics on (4) occasions which has resulted in (4) arrests with all (4)

cases pending in court. On each occasion narcotics were confiscated.

On 13 May 1973 the informant told me that on that same date * * * he had been in the single family dwelling at 9000 S. Morgan St., Chicago, Illinois and purchased a spoon of Heroin from * * * James Walker for the sum of $300.00 USC. The informant also stated as he was leaving the subject premises he observed more Heroin in the possession of and under the direct control of James Walker in the single family dwelling. I then asked the informant how he knew the substance he had purchased was Heroin. The informant then stated he has been using Heroin for over (5) years and when he used a portion of the substance he had purchased he got the same effect he has been getting from using Heroin over the years.

I then went to the subject location and set up a surveillance. In the span of (20) minutes I observed (5) persons enter and then emerge from the subject premises."

After an examination of the complaint an order was entered permitting the search. Subsequently, defendants were charged with possession of a controlled substance, possession of marijuana and failure to register firearms.

On November 29, 1973, the court heard argument of counsel on defendants' motion to quash the search warrant and suppress the evidence seized under its authority. The argument centered upon the requirement that a complaint for a search warrant, based solely upon the information of a hearsay informant, must set forth the underlying circumstances in sufficient detail so as to enable the judge to evaluate independently the reliability of the informant. (Aguilar v. Texas, 378 U.S. 108, 12 L.Ed.2d 723, 84 S.Ct. 1509.) The trial court stated that information given to the police officer on four occasions leading to four arrests and four pending cases was not sufficient without a showing that convictions had been obtained to establish reliability of the informant. The court further commented that the statement "On each occasion narcotics were confiscated" constituted a mere conclusion and not an assertion of fact. Thus, the court concluded that since the State did not establish reliability of the informant, the instant search warrant was issued without authority.

The State contends that the assertions set forth in the complaint were sufficient to enable the judge to evaluate the informant's reliability. Thus, the State argues that there was probable cause for the issuance of the search warrant. Upon careful review of the record, it is our judgment that the court was able to make a neutral and detached evaluation of

the informant's reliability on the basis of the information supplied in the complaint.

Shortly after the order to quash the instant warrant had been entered, the third division of this district handed down an abstract opinion involving a substantially similar complaint for a search. In *People v. Packer,* 25 Ill.App.3d 332, 323 N.E.2d 39, (abstract opinion), there too the defendant contended that the affidavit for the search warrant did not establish probable cause since the informant's reliability was not shown. The police officer's affidavit paralleled the instant affidavit in all material respects. The officer stated therein that he had a conversation with a "reliable informant" whom he had known for a month, that the informant provided him with narcotics information on three previous occasions, that on each occasion he made an arrest and "confiscated illegal narcotics," and that the three cases were "pending in Narcotics Court." The defendant argued that the affidavit did not establish the informant's reliability because his tip was not corroborated by the officer's own observation and because the affidavit did not state that any conviction had been obtained as a result of the informer's previous information. The *Packer* case expressly rejected the defendant's contentions and stated that convictions based on previous information are not essential to establish an informant's reliability, citing *People v. Lawrence,* 133 Ill.App.2d 542, 273 N.E.2d 637. The court further noted that independent corroboration of an informer's tip is unnecessary where the affidavit contains assertions of sufficient detail. The court concluded that a complaint for a search warrant sets forth a sufficient basis for an independent evaluation of reliability where it states that information given on three previous occasions has led to three arrests and the confiscation of illegal narcotics on each occasion. Thus, the court held that the search warrant had been lawfully issued and that the lower court erred in quashing the warrant. What was said in *Packer* is equally applicable here. We hold that the court's finding of reliability in the instant case was not based upon mere speculation or unsubstantiated conclusions as contended by defendants. The contrary is true. We have reviewed the cases cited by defendants and find them to be inapplicable on the facts.

For the foregoing reasons we hold that the search warrant was lawfully issued and that the order to quash the warrant and suppress the evidence seized under its authority was erroneous.

Reversed and remanded.

DIERINGER, P. J., and JOHNSON, J., concur.