THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. CHARLES W. MARLOW, Defendant-Appellee.—THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. PHILLIP HILL, Defendant-Appellee.

First District (3rd Division)  Nos. 61210-61215 cons.

Opinion filed June 3, 1976.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon and Donald M. Devlin, Assistant State's Attorneys, of counsel), for the People.

William C. Starke and Lawrence Lewis, both of Chicago, for appellees.

Mr. JUSTICE DEMPSEY delivered the opinion of the court:

This is an appeal by the State from an order quashing the defendants' arrest and suppressing evidence found in their possession.

On the morning of April 9, 1974, the Chicago Police Department made a written request to the State's Attorney of Cook County for permission to electronically monitor and record a conversation which was expected to take place between 1 and 6 p.m. that day between an informant named Tyrone Williams and the defendant, Phillip Hill. The State's attorney was not available and the request was forwarded to his first assistant, who had been authorized by the State's attorney to act in his stead in such matters in the event he was not available. The first assistant consented to the surveillance and a notation to that effect was made on the police department's request.

Subsequently, Williams, wired with a transmitting device, conversed with Hill and his companion, the defendant Charles Marlow. The radioed conversation was overheard by police officers and three hours later, based upon what they had heard, they arrested and searched the defendants and charged them with illegal possession of marijuana and with conspiracy to deliver heroin.

Before the trial, the defendants filed a motion to quash their arrests and to suppress the physical evidence taken from either their persons or from the automobile in which they were sitting when arrested, and to suppress the testimony of the police officers and the tapes and transcripts obtained by them by way of electronic surveillance. The motion was granted.

In granting the motion the trial court held the following statute, under which the surveillance was conducted, unconstitutional:

"A person commits eavesdropping when he:

(a) Uses an eavesdropping device to hear or record all or any part of any conversation unless he does so with the consent of any one party to such conversation and at the request of a State's Attorney; * * *." (Ill. Rev. Stat. 1973, ch. 38, par. 14—2(a).)

It was the court's opinion that the statute was unconstitutional because of the unrestricted power it granted the State's attorney to exempt persons from the criminal offense of eavesdropping and that this constituted an unlawful delegation of legislative authority. The court also found that the statute was in violation of the fourth amendment to the Constitution of the United States and of section 6, article I, of the Constitution of the State of Illinois which provides that people have the right to be secure in their persons and possessions against unreasonable interceptions of communications by eavesdropping devices or other means.

Dispositive of nearly all the points the defendants have raised in

support of the trial court's ruling is the case of *People v. Richardson* (1975), 60 Ill. 2d 189, 328 N.E.2d 260. In *Richardson,* tape recordings of two telephone conversations were made between an informant and the defendant, and a third conversation between them was transmitted to listening officers by means of an electronic device carried by the informant. The eavesdropping had been approved by the State's attorney in a telephone conversation with his first assistant who, in turn, authorized the surveillance. The trial court in *Richardson,* as in this case, declared section 14—2 unconstitutional and the State appealed.

The *Richardson* court considered the three constitutional questions advanced by the defendants in the present case: the invalidity of section 14—2, the violation of the fourth amendment to the United States Constitution and the violation of article I, section 6 of the Illinois Constitution. In each instance the reviewing court held against the defendant. The judgment of the trial court was reversed and the cause was remanded.

■■ The only constitutional question pertaining to the use of section 14—2 never addressed in *Richardson* but raised here is whether the statute denies equal protection under articles I and II of the Illinois Constitution. The proposition that it does has been advanced without citation to case law or legislative history. We think that it has no validity.

The defendants made two final points. First, they argue that the statutory requirements of section 14—2 of the Criminal Code (Ill. Rev. Stat. 1973, ch. 38, par. 14—2) were never met. They note that section 14—2(a) permits the use of an eavesdropping device when it is done with the consent of any party to the conversation and "at the request of a State's Attorney." They point out that it was the first assistant State's attorney, rather than the State's attorney himself, who made the "request" for the electronic surveillance. We do not regard this as a deviation from the legislative intent. It has been held that the legislature intended that a request under section 14—2(a) could be made by an assistant State's attorney if the State's attorney is absent, sick or otherwise unavailable. *People v. Holliman* (1974), 22 Ill. App. 3d 95, 316 N.E.2d 812; *People v. Nahas* (1973), 9 Ill. App. 3d 570, 292 N.E.2d 466.

We do not subscribe to a construction of the statute that would permit any assistant to act in place of the State's attorney. In large counties where there are many assistants, allowing all of them to act in lieu of the State's attorney would result in a diffusion of responsibility that would weaken the control of State-sponsored eavesdropping far beyond the contemplation of the legislature. In *People v. Porcelli* (1974), 25 Ill. App. 3d 145, 323 N.E.2d 1, this court stated that the statutory restraints on electronic eavesdropping and the mandate of our State Constitution "demand the strict construction of the statute and coordinately, the

equally strict scrutiny of all purported consents and requests, so that in Illinois citizens may be safeguarded from promiscuous governmental surveillance, civilian snooping or other unreasonable intrusions into their privacy."

■■ As illustrated by the evidence, the request procedure used in this case fully observed the "strict scrutiny" admonition set forth in *Porcelli*. The State's Attorney of Cook County delegated his authority to one individual, his first assistant, to be used only when he himself was not available. This delegated power was exercised with discretion and care. The first assistant in a written memorandum fixed a time limit on the eavesdropping (five hours), set a specific date and period (April 9, 1974, from one to six p.m.) and specifically defined the transaction to be monitored (attempted narcotics purchase from Hill). This was a model of careful and responsible procedure.

■■ The defendants were arrested for possession of marijuana and conspiracy to deliver heroin. They argue that there was no probable cause for their arrests even if it were to be conceded that the recorded conversation was admissible. Probable cause to effect a warrantless arrest exists when the facts and circumstances within the arresting officer's knowledge are sufficient to convince an individual of reasonable caution that an offense has been committed. (*People v. Colbert* (1973), 10 Ill. App. 3d 758, 295 N.E.2d 225; *People v. Asey* (1967), 85 Ill. App. 2d 210, 229 N.E.2d 368.) The difficulty of applying this rule in this case arises from the scanty information this court has of the facts. During the preliminary hearing, the defendants' lawyer said that the request for the electronic surveillance was made after certain individuals previously unknown to the police had visited a police station and talked with an officer. Who these individuals were or what they said is not clearly indicated in the record. During the same hearing, the State explained that it would introduce a one-sided conversation that Tyrone Williams had over the telephone and the transmitted conversation between him and Marlow and Hill. The content of these conversations was never revealed. Finally, the arresting officer testified that he had talked with Williams after the defendants had left Williams' apartment. Williams said that they had discussed previous narcotics transactions and had made an agreement to continue these transactions. The officer gave him $300 in marked bills and Williams promised to bring him half a spoon of narcotics. The officer placed the defendants under surveillance (losing them briefly in traffic) and arrested them about three and a half hours after they had talked with Williams.

Any arrest based solely on information supplied by Williams would have been lacking in probable cause. Information supplied by an informer is sufficient to establish probable cause only if his reliability has

been previously established or independently corroborated. (*People v. Lawrence* (1971), 133 Ill. App. 2d 542, 273 N.E.2d 637.) The arresting officer stated that he had met Williams on April 1, 1974, but that he had never had any dealings with him before, had no knowledge where he worked or what he did, and had no idea whether he was single or married. As far as this record shows, Williams (who apparently was one of the individuals who had gone to the police station) had not supplied the police officials with any background information. Even the assistant State's attorney agreed to stipulate that Williams "is not what is termed a reliable informant." Nor was there any evidence introduced at the hearing which would suggest that Williams' reliability had been independently corroborated prior to the defendants' arrest. There was, however, the information obtained from the monitored telephone conversation between Williams and the defendants. Whether this information would have been sufficient to establish probable cause we have no way of knowing. None of it was disclosed at the hearing. Whether it is sufficient will be established if and when it is submitted as evidence at the defendants' trial.

The court granted the motion to suppress the physical evidence obtained from the defendants and their auto on the ground that there was no probable cause for their arrest. Since there may have been probable cause if the electronically obtained information had been considered, the order quashing the arrest and suppressing the evidence was improper.

The order is reversed and the cause is remanded.

Reversed and remanded.

McNAMARA and McGLOON, JJ., concur.