THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* HAL C. SMITH, Defendant-Appellee.

First District (2nd Division)   No. 78-787

Opinion filed March 27, 1979.

Bernard Carey, State's Attorney, of Chicago (Lee T. Hettinger and Rimas F. Cernius, Assistant State's Attorneys, of counsel), for the People.

Reilley, Bell & Weinberg, of Chicago, for appellee.

Mr. JUSTICE HARTMAN delivered the opinion of the court:

The State appeals from an order of the trial court sustaining the motion of defendant, Hal Smith, to quash a search warrant and suppress the evidence seized under its authority. (Ill. Rev. Stat. 1977, ch. 110A, par. 604(a)(1).) The issue on appeal is whether the complaint for the search warrant alleges facts sufficient to justify a finding of probable cause for the issuance of that warrant.

On October 18, 1977, Special Agent John Phillips, from the Division of Investigation of the Illinois Department of Law Enforcement, prepared a two-page complaint for a search warrant for defendant and the premises of 315 East Kenilworth, Prospect Heights, Illinois. The affidavit requested permission to seize "sports schedules, line information, slough information, horse and sports wagers, scratch sheets, United States Currency and the telephone numbered 312-259-9710 and other evidence of gambling paraphernalia." Agent Phillips filed the following affidavit in support of the complaint for issuance of the search warrant:

"On October 12, 1977, I, John A. Phillips, a Special Agent assigned to the Division of Investigation of the Illinois Department of Law Enforcement, interviewed an informant as to his knowledge of illegal gambling activities in the Chicagoland area. I have known this informant for approximately one (1) year during which time he has given the Division of Investigation information on at least three (3) occasions resulting in three (3) gambling raids with convictions on one (1) of them and with two (2) cases still

pending in the courts. Total seizures of illegal gambling wagers involved in the cases exceeded $35,000.00.

When interviewed on October 12, 1977, the informant stated to S/A Phillips that he had been placing sports wagers for several weeks at telephone #259-9710. A subsequent check with the Security Department of Illinois Bell Telephone revealed that the telephone number, 259-9710 lists to Hal C. Smith at 315 E. Kenilworth, Prospect Heights, Illinois. The informant further advised that when he desires to place a wager on a sports event, he calls the telephone number 259-9710 between the hours of 5:00 PM and 7:00 PM during the week and 11:00 AM and 1:00 PM on weekends and places the wagers with a man he knows as 'Hal.'

On Monday, October 17, 1977, S/A's John A. Phillips and Thomas Petersik established a surveillance on the residence at 315 E. Kenilworth, Prospect Heights, Ill. at approximately 4:30 PM. At approximately 4:50 PM, S/A's Phillips and Petersik observed a man known to them as Hal C. Smith through the rear window of the residence at 315 E. Kenilworth, Prospect Heights, Ill. Between 5:00 PM and 6:00 PM, S/A Phillips met with the informant and dialed the telephone number 259-9710. A man answered and said 'Hello.' S/A Phillips gave the telephone to the informant who said 'Hal' and then proceeded to make a wager on the evenings professional football game. When he had completed his wager, the informant hung up. Surveillance was maintained on the residence during this time by S/A Petersik. The surveillance of the residence was terminated by S/A's Phillips and Petersik at approximately 6:00 PM. At no time during the surveillance was Hal C. Smith observed exiting the residence.

Hal C. Smith has been arrested by the Division of Investigation on two (2) previous occasions and each time evidence of gambling and gambling paraphernalia was seized."

Based on the aforesaid complaint, a search warrant was issued. It appears that in executing the warrant certain sports schedules, line information, United States currency, two telephones numbered 259-9710 and 259-9711, and other gambling paraphernalia may have been recovered. Defendant was then charged with syndicated gambling, keeping a gambling house, gambling, and transmitting gambling information. Ill. Rev. Stat. 1977, ch. 38, pars. 28—1.1(d), 28—3, 28—1(a)(5) and 28—1(a)(10).

■■■ The State contends that the assertions set forth in the affidavit for the search warrant were sufficient to justify a finding of probable cause for the issuance of the search warrant. Defendant argues in his brief that the affidavit failed to adequately establish the reliability of the informant.

An affidavit in support of the complaint for a search warrant based on information from an unnamed informant must set forth "the underlying circumstances" upon which the informer's conclusions are based and must also set forth grounds evidencing the informer's reliability. (*Aguilar v. Texas* (1964), 378 U.S. 108, 12 L. Ed. 2d 723, 84 S. Ct. 1509.) The affidavit must declare either (1) that the affiant has himself seen or perceived the fact or facts asserted; or (2) that his information is hearsay, but there is a good reason for believing it is based on his previous experience with the informer's tips. *Spinnelli v. United States* (1969), 393 U.S. 410, 21 L. Ed. 2d 637, 89 S. Ct. 534.

In the present case, we are of the opinion that the affidavit was sufficient to establish probable cause. The affidavit specifically averred that Agent Phillips had known the unnamed informant for one year during which time the informant had supplied the Department of Investigation with information which resulted in both arrests and a conviction for gambling activities. Defendant now maintains the affidavit failed to show the reliability of the informant on the ground that past information given to other officers in the Department of Investigation was stated as a basis for the informant's reliability. However, as stated in *People v. Levin* (1973), 12 Ill. App. 3d 879, 886, 299 N.E.2d 336:

> "It would be incongruous to hold that a police officer may take the word of his fellow officers when engaged in a common investigation as grounds for a search warrant, and then to hold that he may not take their words as to the reliability of an informer successfully used by them in the past in related matters as a basis for the issuance of a warrant. (See *People v. McGrain*, 38 Ill. 2d 189, 230 N.E.2d 699; *United States v. Ventresca*, 380 U.S. 102, 13 L. Ed. 2d 684, 85 S. Ct. 741.)"

Thus, the fact that Agent Phillips relied upon past information by the informant given to other officers in the Department of Investigation does not render the warrant invalid. (See *People v. Finn* (1978), 68 Ill. App. 3d 126, 385 N.E.2d 103.) Moreover, the informant's reliability was shown by the sworn statement of Agent Phillips that he heard the informant place a wager on a football game after dialing the number identified by the informant. *People v. Kopple* (1970), 46 Ill. 2d 17, 19, 262 N.E.2d 444.

The affidavit in support of the complaint for the warrant specifically related underlying circumstances from which it could be determined that the informant knew a gambling operation was being conducted because the informant would call a specific telephone number and place wagers with a person he knew as "Hal." (*People v. Mitchell* (1970), 45 Ill. 2d 148, 154, 258 N.E.2d 345, *cert. denied* (1970), 400 U.S. 882, 27 L. Ed. 2d 120, 91 S. Ct. 117.) In addition, Agent Phillips' personal observations corroborated this information given by the informant, and an

investigation revealed that the telephone was registered to Hal Smith at 315 East Kenilworth, Prospect Heights, Illinois. Therefore, we hold that the search warrant was lawfully issued and that the order to quash the warrant and suppress the evidence seized under its authority was erroneous.

Accordingly, the judgment of the circuit court of Cook County quashing the evidence seized and judgment thereto is reversed and the cause is remanded for further proceedings.

Reversed and remanded.

STAMOS, P. J., and DOWNING, J., concur.