THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* THOMAS PETRUS *et al.*, Defendants-Appellees.

First District (1st Division)    No. 80-529

Opinion filed July 20, 1981.

Richard M. Daley, State's Attorney, of Chicago (Marcia B. Orr, Joan S. Cherry, and Barry S. Pechter, Assistant State's Attorneys, of counsel), for the People.

Joseph A. Ettinger and Rick M. Schoenfield, of Joseph A. Ettinger & Associates, Ltd., of Chicago, for appellees.

Mr. JUSTICE O'CONNOR delivered the opinion of the court:

This is an appeal by the State pursuant to Supreme Court Rule 604(a)(1) (Ill. Rev. Stat. 1979, ch. 110A, par. 604(a)(1)) from an order entered in the circuit court of Cook County sustaining the motion of defendants, Thomas Petrus and Donald Meister, to quash a search warrant and suppress the evidence seized. The sole issue is whether the complaint for the search warrant alleges facts sufficient to justify a finding of probable cause for the issuance of that warrant.

On May 25, 1978, Officer Ronald Kirby of the Chicago Police Department prepared a complaint for search warrant for the second floor at 1318 East 93d Street, Chicago, Illinois, The complaint requested permission to seize records of horse bets, scratch sheets, slough sheets, racing forms and any and all other gambling paraphernalia kept or provided for the illegal act of gambling. Officer Kirby filed an affidavit in support of the complaint for issuance of the search warrant:

"I Ronald Kirby, a police officer for the City of Chgo., County of Cook, had a conversation with a reliable police informant whom I have known for the past years· 1975 to present date 24 May 78. During this time this informant has given me information on 20 separate dates which resulted in 20 separate gambling arrests with illegal gambling paraphernalia seized on all arrests, all of the above arrests have been trialed or are pending in District Court Br. #3, Br. Court #26 and Br. #46. On 23 May 78 I met my informant at which time my informant stated to me that he is placing illegal local and

out-of-state horse bets for races throughout the country with a male person my informant knows only as 'Tom', has never met this person because my informants account is settled for him by the same friend who gave my informant this telephone number. On 23 May 78 my informant and I went to a telephone and I dialed the telephone numbered: 731-0477 and held the telephone in such a way to enable my informant and I to hear the conversation, and after one ring the telephone was answered by a male voice at which time my informant began placing several illegal horse bets for races out of state and locally, these bets were placed for large sums of USC. These illegal horse bets were repeated back to my informant which terminated the conversation. I repeated the same process with my informant placing illegal horse bets, 24 May 78, with all elements being the same except for different selections, and USC bet. With the above information and my informants reliability in the past I believe a gambling operation is being conducted at 1318 E. 93rd St., 2d floor, Chgo., Ill. I checked with Ill. Bell Security which registered the telephone number 731-0477 to Anna M. Leithlieter, 1318 E. 93rd St., 2d flr., Chgo., Ill."

Based on the affidavit, a search warrant was issued. Following the search by police, both defendants were charged by information with keeping a gambling place (Ill. Rev. Stat. 1979, ch. 38, par. 28—3), gambling (Ill. Rev. Stat. 1979, ch. 38, par. 28—1(a)(5)), and syndicated gambling (Ill. Rev. Stat. 1979, ch. 38, par. 28—1.1(d)). Defendant Petrus was additionally charged with another count of gambling (Ill. Rev. Stat. 1979, ch. 38, par. 28—1(a)(10)).

On January 30, 1979, defendants' counsel made an oral motion in the nature of a motion to quash and suppress the search warrant and the fruits thereof and for the production of an informant.

The State contends that the order quashing the warrant is manifestly erroneous and that there was probable cause for the issuance of the search warrant. We agree. The warrant and the information are similar to warrants upheld in a long line of Illinois cases. See *People v. Mitchell* (1970), 45 Ill. 2d 148, 258 N.E.2d 345, *cert. denied* (1970), 400 U.S. 882, 27 L. Ed. 2d 120, 91 S. Ct. 117; *People v. Kopple* (1970), 46 Ill. 2d 17, 262 N.E.2d 444; *People v. Marro* (1972), 4 Ill. App. 3d 197, 280 N.E.2d 560; *People v. Finn* (1978), 68 Ill. App. 3d 126, 385 N.E.2d 103; *People v. Smith* (1979), 69 Ill. App. 3d 752, 387 N.E.2d 1084.

■■ Defendants argue in support of the trial court's ruling that (1) the information received by the affiant from the telephone company is unreliable, (2) Illinois law prohibiting eavesdropping was violated when a telephone was used to hear a conversation without the consent of all the parties, and (3) the informant was not shown to be credible because

underlying circumstances were not revealed for determining reliability and there was multiple hearsay. These arguments are without merit. There was probable cause properly to issue the search warrant. Information gained by placing a phone call is not inherently unreliable. (McCormick on Evidence §§226, 227, (2d ed. 1972).) The information obtained by Officer Kirby from the telephone company merely reflected an investigatory procedure which was within his personal knowledge. *People v. Daliege* (1976), 40 Ill. App. 3d 706, 352 N.E.2d 247; *People v. Coleman* (1974), 17 Ill. App. 3d 421, 308 N.E.2d 364.

■■ An eavesdropping device is defined by section 14—1(a) of the Criminal Code of 1961 (Ill. Rev. Stat. 1979, ch. 38, par. 14—1(a)) as:

> " * * * any device capable of being used to hear or record oral conversation whether such conversation is conducted in person, by telephone, or by any other means; Provided, however, that this definition shall not include devices used for the restoration of the deaf or hard-of-hearing to normal or partial hearing."

Illinois cases have consistently held that when a person listens with his unaided ear to a telephone on which a conversation is in progress, this listening does not constitute the use of an eavesdropping device. (*People v. Giannopoulos* (1974), 20 Ill. App. 3d 338, 314 N.E.2d 237; *People v. Brown* (1970), 131 Ill. App. 2d 244, 266 N.E.2d 131; *People v. 5948 Diversey Ave.* (1968), 95 Ill. App. 2d 479, 238 N.E.2d 229.) Clearly, a telephone itself does not constitute a device banned by the eavesdropping statute. (*People v. 5948 Diversey Ave.*) The use of this technique has also long been approved in the line of search warrant cases cited above. There is no need to re-evaluate the position of the courts as defendants suggest.

■■ An affidavit for a search warrant will not be deemed insufficient because it is based on the hearsay averments of an undisclosed informant as long as there is a substantial basis for crediting such hearsay. (*People v. Marro*; see *United States v. Ventresca* (1965), 380 U.S. 102, 13 L. Ed. 2d 684, 85 S. Ct. 741; *People v. Parker* (1968), 42 Ill. 2d 42, 245 N.E.2d 487.) An affidavit based on information from an unnamed informant must set forth "the underlying circumstances" upon which the informer's conclusions are based and must also set forth grounds evidencing the informer's reliability. (*Aguilar v. Texas* (1964), 378 U.S. 108, 12 L. Ed. 2d 723, 84 S. Ct. 1509.) In *Spinelli v. United States* (1969), 393 U.S. 410, 21 L. Ed. 2d 637, 89 S. Ct. 584, the Supreme Court further defined the *Aguilar* test, finding the affiant must declare either (1) that he has himself seen or perceived the fact or facts asserted, or (2) that this information is hearsay, but there is good reason for believing it based on his previous experience with the informer's tips.

■■ Here, the affidavit was sufficient to establish probable cause. It showed that affiant, Officer Kirby, had known the informant for approxi-

mately two to three years, during which time the informant had supplied him with information leading to 20 arrests for gambling activities. Defendants argue that this does not indicate the informant's reliability because it is not known whether convictions resulted from these arrests. The test, however, is whether the information is reliable, not whether it resulted in convictions. See *People v. Fraser* (1978), 62 Ill. App. 3d 142, 379 N.E.2d 10; *People v. Lawrence* (1971), 133 Ill. App. 2d 542, 273 N.E.2d 637.

■■ The warrant also specifically related underlying circumstances from which it could be determined that the informant knew a gambling operation was being conducted because he would call a specific telephone number and place bets with a person he knew as "Tom." (*People v. Mitchell; People v. Derry* (1979), 73 Ill. App. 3d 721, 392 N.E.2d 301.) Additionally, Officer Kirby's personal observations corroborated this information. The search warrant was lawfully issued.

The order of the circuit court of Cook County is reversed and the cause remanded for further proceedings.

Reversed and remanded.

GOLDBERG and McGLOON, JJ., concur.