# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

*People v. Armbrust*, 2011 IL App (2d) 100955

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. JOHN C. ARMBRUST, Defendant-Appellee. |
| District & No. | Second District<br>Docket No. 2-10-0955 |
| Filed | August 23, 2011 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In a prosecution for harassment by telephone, the trial court erred in granting defendant's motion to exclude evidence of the content of the phone call defendant made to his estranged wife on the ground that the eavesdropping statute was violated when the speakerphone feature of the wife's cellular telephone was used to allow a friend to hear the conversation, since the use of the speakerphone feature did not transform the cellular telephone into an eavesdropping device. |
| Decision Under Review | Appeal from the Circuit Court of Kane County, No. 09-CF-873; the Hon. T. Jordan Gallagher, Judge, presiding. |
| Judgment | Reversed and remanded. |

| Counsel on Appeal | Joseph H. McMahon, State's Attorney, of St. Charles (Robert J. Biderman and Anastacia R. Brooks, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| | |
| | Larry Wechter, of Law Office of Larry Wechter, of Geneva, for appellee. |
| | |
| Panel | JUSTICE BOWMAN delivered the judgment of the court, with opinion. Justices Hutchinson and Zenoff concurred in the judgment and opinion. |

**OPINION**

¶ 1    Defendant, John C. Armbrust, was charged with harassment by telephone (720 ILCS 135/1-1(2) (West 2008)). Defendant successfully moved to exclude evidence of the content of the alleged harassing phone call on the basis that it was obtained in violation of the eavesdropping statute (720 ILCS 5/14-2 (West 2008)). The State appeals. For the reasons that follow, we reverse and remand.

¶ 2                                              BACKGROUND

¶ 3    Defendant was charged with one count of harassment by telephone for calling his estranged wife and threatening to kill her. Defendant filed a motion *in limine*, seeking, among other things, to exclude evidence of the phone call's content. According to defendant's motion, defendant's wife placed the phone call on her cell phone's speakerphone so that her friend could hear the conversation and thus changed the device from a phone to an eavesdropping device. The trial court agreed, finding that a speakerphone is a separate device from a cell phone, even if they are contained in the same unit.

¶ 4    The State filed a certificate of impairment and timely appealed.

¶ 5                                              ANALYSIS

¶ 6    On appeal, the State contends that the trial court erred in granting defendant's motion, because defendant failed to demonstrate that a speakerphone is an eavesdropping device under the eavesdropping statute. Generally, we review a trial court's decision on a motion *in limine* for an abuse of discretion; however, where, as in this case, the only issue before the court involves a question of law, the standard of review is *de novo*. *People v. Larsen*, 323 Ill. App. 3d 1022, 1026 (2001). The eavesdropping statute provides that a person commits eavesdropping when he "[k]nowingly and intentionally uses an eavesdropping device for the purpose of hearing or recording all or any part of any conversation or intercepts, retains, or transcribes electronic communication." 720 ILCS 5/14-2(a)(1) (West 2008). An

eavesdropping device is defined as follows:

> "An eavesdropping device is any device capable of being used to hear or record oral conversation or intercept, retain, or transcribe electronic communications whether such conversation or electronic communication is conducted in person, by telephone, or by any other means; Provided, however, that this definition shall not include devices used for the restoration of the deaf or hard-of-hearing to normal or partial hearing." 720 ILCS 5/14-1(a) (West 2008).

Any evidence obtained in violation of this statute is inadmissible in civil or criminal proceedings. 720 ILCS 5/14-5 (West 2008).

¶ 7        Based on existing case law, we conclude that the use of the speakerphone feature on a cell phone does not transform the cell phone into an eavesdropping device under the statute. It is well recognized that a phone does not constitute an eavesdropping device unless it has been altered in such a manner that it can no longer perform its customary functions of transmitting and receiving sounds. *People v. Gervasi*, 89 Ill. 2d 522, 526-27 (1982). Accordingly, an unaltered phone is not considered an eavesdropping device, even where the receiver is tilted so that another person may listen in or a person listens on an extension. *People v. Shinkle*, 128 Ill. 2d 480, 489 (1989) (where an officer listened on an extension with his hand covering the mouthpiece, the phone was not transformed into an eavesdropping device because the officer's hand did nothing to alter the phone's ability to transmit sound); *People v. Gaines*, 88 Ill. 2d 342, 363 (1981) (a phone was not an eavesdropping device where an officer listened on an extension, because the eavesdropping statute is not directed at phones that have not been functionally altered); *People v. Bennett*, 120 Ill. App. 3d 144, 149 (1983) (a switchboard was not an eavesdropping device because it could transmit messages); *People v. Petrus*, 98 Ill. App. 3d 514, 517 (1981) (a phone was not considered an eavesdropping device where the receiver was held so that both the officer and the informant could hear what the defendant was saying). The addition of a separate device to a phone to allow others to hear, however, does convert the phone into an eavesdropping device. See *People v. Perez*, 92 Ill. App. 2d 366, 372-73 (1968) (apparatus that screwed onto the phone receiver to allow others to hear constituted an eavesdropping device).

¶ 8        The use of the speakerphone feature on defendant's wife's cell phone did not transform the cell phone into an eavesdropping device under the statute, because the use of the speakerphone feature did not functionally alter the cell phone's ability to transmit and receive sounds, nor is the speakerphone a separate device. Rather, the speakerphone is simply a feature of the cell phone that increases the volume of the received sounds to such a level that it is unnecessary to hold the phone to one's ear. In this manner, the use of the speakerphone feature is analogous to another person listening on an extension or to holding the receiver in such a way that another person may listen. All are simply methods of amplifying the phone call such that another person can hear. None alter the phone's ability to receive and transmit sounds. Defendant argues that there was no evidence indicating that sounds could be transmitted while using the speakerphone. Common knowledge defeats any claim that the phone was unable to transmit sounds while the speakerphone feature was in use, as speakerphones are commonly understood to be designed specifically to allow the continued use of the phone (*i.e.*, sending and receiving sounds), just at a greater volume than

usual. Moreover, as the movant, defendant bore the burden of demonstrating that the evidence was subject to exclusion under the eavesdropping statute. *People v. Smith*, 248 Ill. App. 3d 351, 359 (1993) ("[T]he burden of going forward on the motion *in limine* was initially on defendant–the proponent or party seeking to bar the evidence–to show why the evidence should not be admitted [citations] ***."). Accordingly, defendant was required to demonstrate that the cell phone became an eavesdropping device (*i.e.*, was functionally altered such that it could not either transmit or receive sounds) through the use of the speakerphone feature. Any lack of evidence regarding the cell phone's inability to transmit sounds while the speakerphone feature was in use, therefore, is attributable to defendant.

¶ 9 In arguing that the speakerphone feature of a cell phone should be considered an eavesdropping device, defendant relies on *State v. Christensen*, 102 P.3d 789, 794 (Wash. 2004), in which the Washington Supreme Court held that the base unit of a cordless telephone was a device designed to transmit under Washington's privacy act. That case is highly distinguishable from the present case. First, *Christensen* involved the interpretation of Washington's statute, which targeted the use of devices *designed to transmit*. *Christensen*, 102 P.3d at 791. Here, however, we are concerned with eavesdropping devices, which are, as defined by statute, devices used to *hear or record*. Second, although defendant relies on *Christensen* because the base unit used a speakerphone feature to amplify the sounds it received, it was not the speakerphone feature that persuaded the court to hold that the base unit was a device designed to transmit under the statute. Rather, the court so held because the base unit received inaudible sound waves, converted the inaudible sound waves into audible sounds, and transmitted inaudible radio signals to the cordless handset. *Christensen*, 102 P.3d at 794. No such thing can be said of the speakerphone feature of defendant's wife's cell phone in this case. The speakerphone feature did not convert any sound waves, but merely amplified the audible sounds the cell phone converted from inaudible sound waves.

¶ 10 The State also contends that the trial court erred in granting defendant's motion because, in any case, defendant consented to the use of the speakerphone. Given the conclusion that the trial court erred because a speakerphone is not an eavesdropping device, we need not address the contention that defendant consented.

¶ 11 CONCLUSION

¶ 12 The judgment of the circuit court of Kane County is reversed, and the cause is remanded.

¶ 13 Reversed and remanded.